Syllabus.

## 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## M. C. McKAY v. COMMONWEALTH.

### November 15, 1923.

1. INTOXICATING LIQUORS—*First and Second Offenses—Violation of City Ordinance as First Offense.*—Section 4 of the prohibition act provides that any person who shall violate any of the provisions of sections three and three-a of the act shall be deemed guilty of a misdemeanor for the first offense, and of a felony for any subsequent offense committed after the first conviction.

   *Held:* That as the police justice of a city had no jurisdiction in cases arising under the prohibition law of Virginia, a prior conviction before such police justice under a prohibition ordinance of the city would not support the charge of a second offense under the statute.

2. INTOXICATING LIQUORS—*Jurisdiction—Courts—Mayors and Police Justices.*—The circuit, corporation, and hustings courts have *exclusive original* jurisdiction under the *prohibition act,* while the mayors and police justices have jurisdiction to try cases arising under prohibition ordinances passed by their respective cities and towns, with the right of appeal to the defendant to the court having jurisdiction to try such appeal.

3. STATUTES—*Penal Statutes—Construction.*—A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter though within the reason and policy of the law.

4. STATUTES—*Penal Statutes—Construction.*—To constitute the offense the act must be both within the letter and spirit of the statute defining it. Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case. No conviction can be had if the words are merely equally capable of a construction that would, and one that would not, inflict the penalty.

5. STATUTES—*Penal Statutes—Construction—Ambiguity.*—If a penal statute be so ambiguous as to leave reasonable doubt of its meaning, it is the duty of the court to refuse to impose the penalty.

6. INTOXICATING LIQUORS—*First and Second Offenses—Conviction Before Police Justice—Case at Bar.*—It appeared, without contradiction, in the instant case, that the conviction of the defendant before a police justice was for a violation of the prohibition ordinance of the city of Roanoke, and not for a violation of the State prohibition law.

Section 4 of the prohibition act (Acts 1918, ch. 388), by its terms, is dealing with violations of sections three and three-a of "this act," and provides that the first offense shall be a misdemeanor, and any subsequent offense after the "first conviction" shall be a felony. The legislature is conclusively presumed to know that every police justice has original jurisdiction to try all cases involving a violation of an ordinance of his city. Knowing, also, that a police justice has no jurisdiction to try a felony, it seems clear that the words "first . conviction" and "subsequent offense," as used in this section, were not intended to include a "conviction" under, or "offense" against, a city ordinance.

Error to a judgment of the Circuit Court of Augusta county.

*Reversed.*

The opinion states the case.

*Curry & Curry* and *Timberlake & Nelson*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

West, J., delivered the opinion of the court.

M. C. McKay was convicted of a second offense under the State prohibition law and sentenced to the penitentiary for two and one-half years. To that judgment this writ of error was awarded.

The indictment is in the "omnibus" form authorized by section 7 of the prohibition act (Acts 1918, ch. 388), and the Commonwealth relied on the charge of unlawfully transporting ardent spirits.

The prior conviction of the accused is alleged in these words: "And the jurors aforesaid, upon their oaths aforesaid, do further present that the said M. C. McKay

has heretofore been convicted of a like offense, to-wit, the said M. C. McKay was on the 17th day of September, 1921, before Beverly Berkeley, police justice of the city of Roanoke and State of Virginia, he, the said Beverly Berkeley, police justice aforesaid, having jurisdiction to try said cause, convicted of a violation of the prohibition law of Virginia, and by said police justice adjudged to pay a fine of $100.00 and given a sentence of thirty days in jail, which said judgment has not been set aside nor revoked, as appears from the records of said court.

"And so the jurors aforesaid, upon their oaths aforesaid, do say and present that the said charge set forth in this indictment as aforesaid was a second offense against the peace and dignity of the Commonwealth of Virginia."

[1] It is conceded that the evidence was sufficient to support a conviction for unlawfully transporting ardent spirits, but contended that there can be no conviction for a second offense because the police justice of the city of Roanoke had no jurisdiction in cases arising under the prohibition law of Virginia, and a prior conviction under the prohibition ordinance of the city would not support the charge of second offense under the statute.

The defendant relies on four assignments of error, but, in our view, it is necessary to discuss only one question: What constitutes a "first conviction" under the State prohibition law?

Section 4 of the act provides as follows: "*Violations of provisions of the preceding sections; acting as agent of, seller or purchaser.*—Any person who. shall violate any of the *provisions of sections three and three-a of this act,* and any person, except a common carrier, who shall act as the agent or employee of such manufacturer or such seller, or person, in so keeping, storing, offering or expos-

ing for sale such ardent spirits, or act as the agent or employee of the purchaser in purchasing such ardent spirits, except as herein provided, shall be deemed guilty of a *misdemeanor* for the *first offense,* and of a *felony* for any *subsequent offense* committed after the *first conviction;* provided, that the offense of drinking, giving away, or receiving ardent spirits contrary to the provisions of this act, shall not be deemed a felony in any case; and provided, further, that the purchasing or having in possession by any person of ardent spirits for personal use, shall in no case be deemed a felony, but the burden of proof that said ardent spirits are for personal use shall be upon the defendant." (Italics supplied.)

Section 5 fixes the penalty, where any violation of the act is declared a felony, at confinement in the penitentiary for not less than one nor more than five years, or in the discretion of the jury, at confinement in jail not less than six nor more than twelve months, and a fine not exceeding $500.00.

The Roanoke ordinance does not in terms adopt the State prohibition act.

The provisions of section 3 of the ordinance and of section 3 of the act are in substantially the same language. But section 5 of the ordinance provides that "the penalty for any subsequent offense committed after the first conviction shall be a fine of not less than $100.00 nor more than $5,000.00, and imprisonment in jail for not less than six months, nor more than one year;" although section 27 of the act declares that the penalties prescribed for the violation of city and town ordinances shall not be less than those for similar offenses under the act.

[2] It is agreed that the circuit, corporation and hustings courts have *exclusive original* jurisdiction under the *prohibition act,* while the mayors and police justices have

jurisdiction to try cases arising under prohibition ordinances passed by their respective cities and towns, with the right of appeal to the defendant to the court having jurisdiction to try such appeal.

Section 4 of the prohibition act is a penal statute and must be strictly construed.

[3] A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter though within the reason and policy of the law.

[4] To constitute the offense the act must be both within the letter and spirit of the statute defining it. Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case. No conviction can be had if the words are merely equally capable of a construction that would, and one that would not, inflict the penalty.

[5] If a penal statute be so ambiguous as to leave reasonable doubt of its meaning, it is the duty of the court to refuse to impose the penalty. Sutherland on Statutory Construction, 350, 352-353.

[6] It appears, without contradiction, that the conviction of the defendant before Justice Berkeley was for a violation of the prohibition ordinance of the city of Roanoke, and not for a violation of the State prohibition law.

Section 4 of the act, *supra,* by its terms, is dealing with violations of sections three and three-a of "this act," and provides that the first offense shall be a misdemeanor and any subsequent offense after the "first conviction" shall be a felony. The legislature is conclusively presumed to know that every police justice has original jurisdiction to try all cases involving a violation of an ordinance of his city. Knowing also that a police justice has no jurisdiction to try a felony,

it seems clear that the words "first conviction" and "subsequent offense," as used in this section, were not intended to include a "conviction" under, or "offense" against, a city ordinance. The language embodied and expressed in the statute, fairly interpreted, discloses no such intention and purpose on the part of the legislature.

It would be contrary to reason and natural justice the language of the statute being susceptible of two constructions, to hold that a "first conviction" under the ordinance is a sufficient basis to make a second conviction under the statute a felony, when a second conviction under the ordinance is a misdemeanor.

The legislature having failed to so declare in plain terms, we cannot hold that the circuit court is permitted to convict the defendant of a felony when the police justice, if the second case had been tried in his court, could only convict him of a misdemeanor.

The Commonwealth relies, with great earnestness, on the case of *Bryan* v. *Commonwealth*, 126 Va. 749, 757, 101 S. E. 316. That case is distinguishable from and is not controlling in the instant case. Bryan was tried and convicted upon a warrant issued by the mayor of the city of Harrisonburg, charging that he unlawfully transported intoxicating liquor along one of the streets of that city. At the October term, 1918, of the Circuit Court of Rockingham county, he was indicted for the same offense, and pleaded former conviction, which was sustained by this court.

In the instant case the offenses were not the same. McKay was convicted before police justice Berkeley of storing and having in his possession ardent spirits for sale, while under the indictment he was tried and convicted upon the charge of unlawfully transporting ardent spirits.

Being on trial for a different offense, the plea of former conviction by McKay, if interposed, could not be sustained.

There being no proof of a "first conviction" within the scope and meaning of the statute, it follows that there can be no conviction of a felony in this case.

The verdict and judgment complained of are erroneous and will be reversed and set aside. The case will be remanded for a new trial not in conflict with the views herein expressed.

*Reversed.*