# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## ERNEST BARBER V. CITY OF DANVILLE.

### January 19, 1928.

### Absent, Burks, J.

1. INTOXICATING LIQUORS—*Municipal Corporations—Regulation of Liquor Traffic—Outside of City Limits.*—The legislature may confer upon a municipality full power to regulate the liquor traffic and control its use in every particular, within the corporate limits of the municipality and within a reasonable radius thereof.

2. INTOXICATING LIQUORS—*Construction of Prohibition Statute.*—It is the policy of the courts to give to the prohibition statute a fair construction in the light of its enactment, and if the legislative intent can be gathered from its language, it should be given effect.

3. CRIMINAL LAW—*Jurisdiction Fixed by Statute—Act an Offense at One Place but not at Another.*—The territory over which a court is to exercise jurisdiction is a matter to be fixed by statute, and if an act is an offense if committed at one place, but not an offense if committed at another, then it is incumbent on the prosecutor to allege and prove that the act was done at the former place.   If it is doubtful the prosecution must fail.

4. STATUTE—*Construction—Penal Statute not Extended by Implication.*— A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter though within the reason and policy of the law.   To constitute an offense the act must be both within the letter and spirit of the statute defining it.   Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case.   If a penal statute is so ambiguous as to leave reasonable doubt of its meaning, it is the duty of the court to refuse to impose the penalty.

5. INTOXICATING LIQUORS—*Enforcement of Prohibition Act by Municipality Beyond the Boundaries of the Municipality—Construction of Code of 1924, Section 4675 (34).*—In construing section 4675 (34) of the Code of 1924, extending the jurisdiction of a mayor or police justice over territory contiguous to a city or town within three miles of the city or town limits, in regard to the manufacture, sale or distribution of ardent spirits upon which the city ordinance in the instant case was

based, it is to be presumed that the legislature has embodied in the statute all the authority it has designed to grant a municipality, and the court cannot by implication read into the statute something that was not contemplated by the legislature.

6. INTOXICATING LIQUORS—*Extension of Jurisdiction of Municipality—Code of 1924, Section 4675 (34)—Case at Bar.*—In the instant case, a prosecution for the violation of a city prohibition ordinance, outside the city but within three miles of the city limits, the bill of particulars set forth that the accused was guilty of keeping ardent spirits for sale, of possessing ardent spirits and of transporting ardent spirits. The statute, section 4675 (34), when conferring jurisdiction upon a municipality for the enforcement of the prohibition law without the corporate limits, but within three miles of the same, does not employ any of the terms employed in the bill of particulars. The offenses covered by the statute are confined to the *manufacture, sale or distribution* of ardent spirits.

*Held:* That the statute did not cover the offenses set forth in the bill of particulars and the conviction of the accused must be reversed.

7. STATUTES—*Construction—Opinion of Attorney-General.*—The construction of a statute by the attorney-general, while in no sense binding upon the Supreme Court of Appeals, is of the most persuasive character and is entitled to due consideration.

Error to a judgment of the Corporation Court of the city of Danville.

*Reversed.*

The opinion states the case.

*Harris, Harvey & Brown,* and *Hugh T. Williams,* for the plaintiff in error.

*A. M. Aiken,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

On the 24th day of January, 1927, the police justice of the city of Danville issued a warrant charging that the plaintiff in error (hereinafter called accused), on the 23rd day of January, 1927, within three miles of the corporate limits of the city, did unlawfully manu-

facture, sell, offer, keep, store and expose for sale, give away, transport, possess and drink ardent spirits.

A trial was had before the police justice, which resulted in the conviction of the accused. Upon an appeal to the corporation court, the accused was tried by a jury, which found him guilty, and fixed his punishment at a fine of $500 and twelve months imprisonment in jail.

When the case was called for trial, the accused demanded a bill of particulars, which was furnished and is as follows:

"(1) Keeping ardent spirits for sale. (2) Possession of ardent spirits. (3) Transporting ardent spirits, all within three miles of the city of Danville."

It is assigned as error that the ordinance of the city of Danville, under the alleged provisions of which the accused was convicted, does not embrace the alleged offenses set forth in the bill of particulars, and, therefore, it was error for the court to enter judgment upon the verdict of the jury.

The only section of the prohibition ordinance with which we are concerned is as follows:

"It shall be unlawful for any person in this city and within three miles of this city to manufacture, *transport*, sell, keep or store for sale, offer, advertise or expose for sale, give away, dispense or solicit in any way or receive orders for, or aid in procuring ardent spirits except as hereinafter provided."

[1] While it is conceded that the legislature may confer upon a municipality full power to regulate the liquor traffic and control its use in every particular, within the corporate limits of the municipality and within a reasonable radius thereof, it is urged upon us that the legislature has not conferred upon cities and towns the power to prohibit the keeping of ardent

spirits for sale, or the possession, or the transporting of ardent spirits outside of but within three miles of the city or town limits.

The provision of law relied upon by the city is section 4675 (cl. 34), the material parts of which are as follows:

"Nothing in this act shall be construed as conflicting with the jurisdiction of any mayor or police justice in the enforcement of city or town ordinances prohibiting the manufacture, sale or *distribution of ardent spirits.* For the enforcement of such ordinances the mayor or police justice shall have jurisdiction over the territory contiguous to the city or town within three miles of the city or town limits * * *."

[2] It is the policy of the courts to give to the prohibition statute "a fair construction in the light of its enactment, and if the legislative intent can be gathered from its language, it should be given effect." *Jordan's Case,* 138 Va. 842, 122 S. E. 266.

[3] But there are limits which bind a court in the construction of a penal statute beyond which it should not even strive to go. In *Jordan's Case, supra,* Judge Burks, delivering the opinion of the court, said: "The territory over which a court is to exercise jurisdiction is a matter to be fixed by statute, and if an act is an offense if committed at one place, but not an offense if committed at another, then it is incumbent on the prosecutor to allege and prove that the act was done at the former place. If it is doubtful, the prosecution must fail. Compare *Minturn* v. *Larue,* 23 Howard (64 U. S.) 435, 16 L. Ed. 574; *Cool* v. *Commonwealth,* 94 Va. 799, 26 S. E. 411."

In *Street* v. *Broaddus,* 96 Va. 823, 32 S. E. 466, Judge Keith, discussing the effect to be given a penal statute, said: "This statute is highly penal in its

nature. It is not to be extended by implication, but he who seeks to avail himself of the ruinous penalties which it imposes must bring himself *strictly within its terms.*"

[4] In *McKay* v. *Commonwealth*, 137 Va. 826, 120 S. E. 138, Judge West said: "A penal statute cannot be extended by implication or construction. It cannot be made to embrace cases not within the letter though within the reason and policy of the law. To constitute an offense the act must be both within the letter and the spirit of the statute defining it. Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case. * * If a penal statute is so ambiguous as to leave reasonable doubt of its meaning, it is the duty of the court to refuse to impose the penalty."

[5] In construing the statute upon which the ordinance is based, we are bound by the presumption that the legislature has embodied in the statute all the authority it has designed to grant a municipality, and we cannot by implication read into the statute something that was not contemplated by the legislature.

[6] The bill of particulars sets forth that the accused was guilty of keeping ardent spirits for sale, was guilty of possessing ardent spirits, and was guilty of transporting ardent spirits. The statute, when conferring jurisdiction upon a municipality for the enforcement of the prohibition law without the corporate limits, but within three miles of same, does not employ any of the terms employed in the bill of particulars. The offenses covered by the statute are confined to the *manufacture, sale or distribution* of ardent spirits. No doubt it was in the mind of the draftsman of the act that the circuit court of the county could afford ample protection against the commission of the acts enumerated in the

bill of particulars. If such offenses are to be punished by the municipality, the statute must be amended.

In *Swift* v. *Luce*, 27 Me. 285, we read: "Courts of justice can give effect to legislative enactments only to the extent to which they may be made operative by a fair and liberal construction of the language used. It is not their province to supply defective enactments by an attempt to carry out fully the purposes which may be supposed to have occasioned those enactments. This would be but an assumption by the judicial of the duties of the legislative department."

[7] While this is the first time this court has been called upon to construe the statute herein involved, it appears that the legal department of the State has heretofore construed the same. In the report of the Attorney-General to the Governor of Virginia, for the year 1927, on page 137, we find the following letter:

"*Richmond, Virginia, January 9, 1926.*
"K. S. FRENCH, ESQ.,
     "*Narrows, Virginia.*
"DEAR MR. FRENCH:
    "I have yours of the 8th, in which you say:
    " 'I am at a loss to know just what my jurisdiction is, outside of the corporate limits of our town, but within three miles of same. Section 34 of the Layman act specifies that police justices of cities and towns shall have jurisdiction within three miles of the corporate limits in case of manufacture, sale and distribution of ardent spirits. Please advise me if I have jurisdiction in other cases under the Layman act, such as driving an automobile while under the influence of liquor, parties having liquor in their possession, parties being intoxicated, etc.' "

    "In reply, I would say that section 34 of the Layman act applies only to towns and cities having ordinances

prohibiting manufacture, sale and distribution of ardent spirits and the power of the mayor to enforce such ordinances within the three-mile radius is limited to cases of manufacture, sale and distribution, and not to the illegal possession or to parties being intoxicated. As to these cases, the county authorities have sole jurisdiction under the State law.

"Yours very truly,
"JOHN R. SAUNDERS,
"*Attorney-General.*"

This construction of the statute by the Attorney-General, while in no sense binding upon this court, is of the most persuasive character and is entitled to due consideration.

From what has been said, it is apparent that the judgment must be reversed, the verdict of the jury set aside, and the case remanded to the corporation court to be there disposed of according to law.

*Reversed.*

PRENTIS, P., dissenting.

I think that the majority opinion puts too narrow a construction upon the sections involved, and that the judgment should be affirmed.

Section 4675 (37) authorizes the cities and towns to pass ordinances embracing such provisions of the act as are applicable, "and further to prohibit the manufacture, transportation, sale, keeping or storing for sale, advertising or exposing for sale, receiving, giving away, or dispensing, ardent spirits, and to provide adequate penalties therefor, provided such penalties shall be the same as those provided under the prohibition laws of the State for similar offenses,   *   *."

This is the section then which confers upon the municipalities express power to pass ordinances covering and defining the crimes which are denounced in the prohibition statute.   The other section, 4675, subsection (34), relates only to the area outside of the city (or town) in which such ordinances may be enforced, and does not, in my opinion, undertake or purport to confer any power either to pass any different ordinance, or to define or limit the specific crimes to which such city ordinances may relate.   This (34) is the section which gives the cities or towns jurisdiction to enforce in the contiguous territory their prohibition ordinances which are so fully authorized by subsection (37).   This, the sole purpose of subsection (34), is indicated by its title, "enforcement of city ordinance, territory contiguous to cities," and the controlling language used in section (34) shows that it is not intended to confer power to enact ordinances, but only to define the outside territorial area in which the lawful ordinances which are distinctly authorized under subsection (37) may be enforced.   The general terms used in section 4675 (34) were not intended, in my opinion, either to limit the authority conferred by section 4675 (37) or to provide for the punishment of certain crimes in the adjacent territory different from those committed in the city.   It was unnecessary in (34) to enumerate or define the crimes specifically prohibited, but general terms were used, and the language, "city or town ordinances, prohibiting the manufacture, sale or distribution of ardent spirits," as used in this section, was not intended to define the crimes, but to cover the subject generally and to include all of the specific crimes which are defined in (37).   The general language used, ordinances prohibiting the "manufacture, sale or distribution of ardent spirits," is intended to include

crimes elsewhere and otherwise defined. So far as I know, there is no statute specifically making the "distribution" of ardent spirits a crime, but "distribution" is an inclusive word and embraces ordinances prohibiting manufacture, transportation, sale, keeping or storing for sale, advertising or exposing for sale, receiving, giving away or dispensing ardent spirits. The statutes all have a common purpose, and are all intended to prevent the "manufacture, sale or distribution of ardent spirits."

The evidence shows that the accused has a bad reputation; that the keeping for sale illegally may be inferred from the quantity, and that he was bottling it; while the transportation is clearly proved. Using the language of (34), the jury were justified in finding him guilty of violating several of the city ordinances relating to the sale and distribution of ardent spirits.

By way of repetition, I think that section 4675 (34) was intended to extend the jurisdiction to territory within the three mile limit, and to authorize the enforcement of the whole ordinance within that territory. It was certainly not intended thereby to limit or diminish the power so expressly granted under section 4675 (37). I think that its purpose was merely to designate the extended territory, outside of the town or city, in which all such city or town ordinances might be enforced. Any other construction, as it seems to me, defeats the purpose of the General Assembly, as sufficiently expressed in these two sections.