# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

JOSEPH GORDON ANGLIN v. C. F. JOYNER, JR.,
COMMISSIONER, DIVISION OF MOTOR VEHICLES.

June 14, 1943.

Record No. 2677.

Present, All the Justices.

The opinion states the case.

*B. A. Banks*, for the plaintiff in error.

*Abram P. Staples, Attorney General*, and *Edwin H. Gibson, Assistant Attorney General*, for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

The sole question involved in this appeal is the validity of the action of C. F. Joyner, Jr., Commissioner of the Division of Motor Vehicles of Virginia, in revoking the chauffeur's license of the appellant, Joseph G. Anglin.

The facts are undisputed and are thus stated:

On August 8, 1941, appellant was convicted in the police court of the city of Danville, Virginia, on a charge of reckless driving. On February 14, 1942, he was again convicted upon a like charge, in the police court of the city of Norfolk, Virginia.

Pursuant to the provisions of an act of 1932 (Acts 1932, p. 775), as amended by act of 1934 (Michie's Code 1942, section 2154(186), the commissioner, upon receipt of the notice of appellant's convictions, as above stated, entered the order of revocation and notified appellant of the action so taken.

Thereupon, appellant, pursuant to section 2154(188) of the Code, filed his petition in the corporation court, praying an annulment of the order of revocation.

The appellee filed a demurrer to the petition, alleging that appellant's license was revoked pursuant to the mandatory

provisions of section 17-a (5) of the Motor Vehicle Code of Virginia, (Michie's Code 1942, sec. 2154 (174) par. f, Fifth), providing for such revocation upon "Conviction or forfeiture of bail upon two charges of reckless driving all within the preceding twelve months."

The trial court sustained the demurrer and dismissed the petition.

The first contention of appellant is that section 17-a (5) of the Motor Vehicle Code is a penal statute, and since its language is ambiguous, it should be strictly construed in his favor.

The contention that the statute is a penal statute is untenable.

In *Hannabass* v. *Ryan*, 164 Va. 519, 180 S. E. 416, Mr. Justice Gregory said:

"The enactment of the Virginia Operators' and Chauffeurs' License Act by the Legislature was designed under the police power of the State to protect the use of the highways from those who are not qualified to operate motor vehicles, to exercise some measure of control over such operators and generally to regulate, standardize and make uniform, so far as practicable, the granting or withholding of this privilege in furtherance of the safety of the users of the highways of the State."

In *Commonwealth* v. *Ellett*, 174 Va. 403, 4 S. E. (2d) 762, Mr. Justice Spratley in construing section 17-a, said:

"The right of a citizen to travel upon the public highways is a common right, but the exercise of that right may be regulated or controlled in the interest of public safety under the police power of the State. The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate is not a contract or property right in a constitutional sense.

\*　　\*　　\*　　\*　　\*　　\*

"Within the limits prescribed by law, the trial court fixed the measure of punishment for each offense. The penalty of being deprived of the right to operate a motor vehicle is not a part of, nor within the limits of the punishment to be fixed by a court or jury. * * * *

"We are not dealing with the degree of gravity of the accused's guilt upon either conviction, but with the effect of the two separate and distinct convictions upon his rights as a citizen.

\*        \*        \*        \*        \*        \*

■ "The loss of the right to operate a vehicle is no part of the judgment of conviction, or the punishment fixed by the court or jury, and no action or order of the court or other officer is required to put it into effect. It is not dependent upon evidence necessary to convict. Evidence of conviction alone is essential."

In *Prichard* v. *Battle*, 178 Va. 455, 17 S. E. (2d) 393, we again were called upon to consider section 17-a (5), and Mr. Justice Eggleston, in holding that the revocation of a license to drive an automobile is not the imposition of a penalty, said:

■ "The universal holding is that such a revocation is not an added punishment, but is a finding that by reason of the commission of the act or the conviction of the licensee, the latter is no longer a fit person to hold and enjoy the privilege which the State had theretofore' granted to him under its police power. The authorities agree that the purpose of the revocation is to protect the public and not to punish the licensee." (Citing *Davis* v. *Commonwealth*, 75° Va. 944, and a number of other cases.)

If any doubt existed that the revocation of a license to drive an automobile upon the highways of the Commonwealth was the denial of a mere privilege and not the imposition of a penalty, that doubt is removed by legislative enactment.

Section 2154 (187), Michie's Code 1942, provides:

"The division may after due hearing, upon not less than five days' notice in writing, said notice to be sent by registered letter to the address given by the operator or chauffeur when applying for his license, which shall constitute sufficient form of notice, suspend or revoke the operator's or chauffeur's license issued to any person under the provisions of this act whenever it is satisfactorily proved to the division:

"First. That such person has committed any offense for the conviction of which mandatory revocation of license is provided in section 2154—(186).

\*        \*        \*        \*        \*        \*

"Fourth. That such person is an habitual reckless or negligent driver of a motor vehicle or has committed a serious violation of the motor vehicle laws of this state."

It is thus seen that under the provisions of this section the question of revocation of a license is stripped of every vestige of a criminal nature. This is evinced by the fact that no warrant charging a criminal offense is issued. No trial by jury is had. No verdict of guilt is rendered. No penalty is imposed.

That it was never the intention of the Legislature to make the revocation of a chauffeur's license a crime is further demonstrated by the fact that pursuant to the provisions of section 2154 (188) of the Code, the instant case reaches this court by appeal and not by writ of error—the only method by which relief from the imposition of a penalty is to be obtained.

The second contention of appellant is:

"The trial court erred in sustaining said demurrer in holding thereby that the words in the statute 'upon two charges of reckless driving all within the preceding twelve months,' referred to and are controlled by the dates of conviction and not by the dates of the commission of the offenses."

In support of this contention it is argued that "the intent of the Legislature was to deal with the times the two

offenses prescribed by the statute were committed and not with the times of conviction therefor."

In construing a statute the cardinal rule of construction is that the intention of the law-makers constitutes the law, and the primary object in the interpretation of the statute is to ascertain that intention.

When we consider section 17-a (5) in the light of legislative intention, it is manifest that the object of the statute is to debar from the highway that person who by reason of his reckless conduct in the operation of an automobile is a menace to the general users of the highway. Whether the construction of the statute by the court or the construction placed thereon by the appellant be the correct construction, there is no doubt, in view of his being twice convicted of reckless driving, that appellant was a menace to the law-abiding citizens traveling the highways.

It is admitted by counsel for appellee that there is some basis for the argument of appellant in support of his construction of the statute. If it be conceded, as is done by us, that the statute is ambiguous, then since the statute is in no sense penal, we should adopt that construction which has for a long period of years been placed upon the statute by the Commissioner of the Division of Motor Vehicles.

We find this uncontroverted statement in the brief of appellee:

"It has been the consistent construction of the Division to revoke licenses of persons upon receiving reports of two convictions of reckless driving in all cases where the two convictions were had within twelve months. This construction is based upon the fact that the reports furnished the Division require a record of conviction, as distinguished from dates of crimes, as is shown by the fact that courts are authorized to write upon the license of the person convicted, the *date* of the conviction, together with the offense of which the person was found guilty, without in any way indicating that there should be included in the data inscribed on the license the date of the alleged commission of the offense."

The conclusion which we have reached is in conformity with our prior decisions.

In *Richmond* v. *Drewry-Hughes Co.*, 122 Va. 178, 193, 90 S. E. 635, 94 S. E. 989, it was held that in construing a statute of doubtful import the court should give due weight to the interpretation placed upon the statute by that branch of the executive department of the State which is specifically charged with the duty of construing and effectuating its provisions.

In *Commonwealth* v. *Sanderson*, 170 Va. 33, 37, 195 S. E. 516, Mr. Justice Holt said:

"In *South East Public Service Corporation* v. *Commonwealth*, 165 Va. 116, 181 S. E. 448, 452, Mr. Justice Eggleston quotes with approval this statement of the law from *Smith* v. *Bryan*, 100 Va. 199, 40 S. E. 652, applicable in such cases:

" 'So, also, the practical construction given to a statute by public officials, and acted upon by the people, is not only to be considered, but, in cases of doubt, will be regarded as decisive. It is allowed the same effect as a course of judicial decision. The legislature is presumed to be cognizant of such construction, and, when long continued, in the absence of legislation evincing a dissent, the court will adopt that construction.' "

In *Commonwealth* v. *Ellett, supra*, Mr. Justice Spratley said:

"The construction we have placed upon the statute under review is the same as that placed upon it by the officials charged under the law with its administration over a course of years. If we were in doubt, the weight and value of that practical construction would be most helpful in resolving the doubt. *Commonwealth* v. *Sanderson*, 170 Va. 33, 195 S. E. 516; *South East Public Service Corporation* v. *Commonwealth*, 165 Va. 116, 181 S. E. 448; *Smith* v. *Bryan*, 100 Va. 199, 40 S. E. 652."

Our conclusion is that the judgment of the lower court is without error and should be affirmed.

*Affirmed.*