# Richmond

## HATTIE M. SCOTT, A/K/A MONICA STACKHOUSE V. COMMONWEALTH OF VIRGINIA.

November 24, 1976.

Record No. 760299.

Present, All the Justices.

*Richard W. Stephenson, Jr.*, for plaintiff in error.

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Indicted under Code §§ 18.1-126 and 18.1-126.1 [1] during September, 1975, for "third offense unlawful concealment" of a

---

[1] The pertinent statutes (now, with slight modifications, §§ 18.2-103 and 18.2-104) provided:

"**§ 18.1-126. Concealing or taking possession of merchandise; altering price tags; transferring goods from one container to another; counseling, etc., another in performance of such acts.** — Whoever, without authority, with the intention of converting goods or merchandise to his own or another's use without having paid the full purchase price thereof, or of defrauding the owner thereof out of the value of the goods or merchandise, (i) willfully conceals or takes possession of the goods or merchandise of any store or other mercantile establishment, or (ii) alters the price tag or other price marking on such goods or merchandise, or transfers the goods from one container to another, or (iii) counsels, assists, aids or abets another in the performance of any of the above acts, shall be deemed guilty of larceny and upon conviction thereof shall be punished as provided by § 18.1-126.1. The willful concealment of goods or merchandise of any store or other mercantile establishment, while still on the premises thereof, shall be prima facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise." (footnote continued on following page)

grocery store item valued at seventy-nine cents, defendant Hattie M. Scott was convicted of this "shoplifting" charge following a bench trial and sentenced to confinement in the penitentiary for a term of one year and six months. The indictment alleged and the Commonwealth proved defendant had been convicted in April 1974 and June 1975 of unlawful concealment for violations of a Portsmouth city ordinance, the provisions of which were essentially identical to Code § 18.1-126.

The issue is whether, in sentencing defendant under the provisions of § 18.1-126.1(b) which permit confinement in the penitentiary for violation of § 18.1-126 if defendant had been before twice "convicted in the Commonwealth of Virginia for the like offense", the trial court erred in considering the two prior city ordinance convictions. We conclude there was no error and affirm.

Relying on *McKay* v. *Commonwealth*, 137 Va. 826, 120 S.E. 138 (1923), defendant contends the two city misdemeanor convictions should not have been counted to support this penitentiary sentence because, she says, convictions under a city ordinance for unlawful concealment, even though the substantive provisions of the city and state enactments are similar, do not constitute "like offenses" within the meaning of § 18.1-126.1(b).

"§ 18.1-126.1. Punishment for conviction under § 18.1-126. — (a) Any person convicted for the first time of an offense under § 18.1-126, when the value of the goods or merchandise involved in the offense is less than one hundred dollars, shall be guilty of a misdemeanor and shall be punished by a fine of not less than the value of the goods or merchandise involved nor more than one thousand dollars, or by confinement in jail not less than five days nor more than twelve months, or both, in the discretion of the jury or of the court trying the case without a jury.

(b) Any person convicted of an offense under § 18.1-126, when the value of the goods or merchandise involved in the offense is less than one hundred dollars, and it is alleged in the warrant or information on which he is convicted, and admitted, or found by the jury or judge before whom he is tried, that he has been before convicted in the Commonwealth of Virginia for the like offense, regardless of the value of the goods or merchandise involved in the prior conviction, shall be confined in jail not less than thirty days nor more than one year; and for a third, or any subsequent offense, he shall be confined in the penitentiary not less than one nor more than two years.

(c) Any person convicted of an offense under § 18.1-126, when the value of the goods or merchandise involved in the offense is one hundred dollars or more, shall be guilty of a felony and shall be punished by confinement in the penitentiary not less than one nor more than twenty years, or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail not less than thirty days nor more than twelve months and by a fine of not less than the value of the goods or merchandise involved but not more than one thousand dollars."

Defendant argues the phrase "like offenses" refers only to convictions stemming from state charges under Code § 18.1-126. She contends the language of § 18.1-126.1(a) that "[a]ny person convicted for the first time of an offense under § 18.1-126, when the value of the goods or merchandise involved in the offense is less than one hundred dollars, shall be guilty of a misdemeanor . . .", means the first time one is tried under § 18.1-126 and convicted of its violation, as here, a first offense is committed and the defendant must be punished as a first offender under subsection (a) and cannot properly be punished as a third offender under subsection (b). She contends "no matter how many times the defendant is tried . . . under the city ordinance, there could never be a felony conviction" under the state statute. Conceding the language may also be interpreted to mean, as the Commonwealth argues, that the prior city convictions may properly be considered in fixing this punishment, defendant argues, nonetheless, that this penal statute is so ambiguous as to leave reasonable doubt of its meaning and, accordingly, the court should refuse to impose the penalty. We do not agree with defendant's contentions.

We find the language of the statute unambiguous and the meaning clear.[2] An objective reading of subsections (a) and (b) of § 18.1-126.1 demonstrates the General Assembly, in plain terms, has designed a system of enhanced punishment for those who repeatedly commit the "shoplifting" offenses defined in § 18.1-126, whether the prior conviction resulted from charges under a comparable local ordinance or under the state statute. Subsection (a), on the one hand, establishes the punishment for a first offender charged under § 18.1-126, when the value of the goods or merchandise is below one hundred dollars. Subsection (b), on the other hand, deals with repeaters, when the foregoing value is involved. Under (b), a second offender is punished as a misdemeanant and a third or subsequent offender is punished as a felon, if such defendant "has been before convicted in the Commonwealth of Virginia for the like offense." There is no express or implied limitation in this clause preventing consideration of convictions for "like offenses" which

---

[2] The statutes in question were enacted in their present form in 1970 pursuant to the recommendations contained in a legislative study which expressed grave concern about "the ever-spreading epidemic of shoplifting" in Virginia cities and towns. *Report of the Virginia Advisory Legislative Council to The Governor and The General Assembly of Virginia, The Problem of Shoplifting*, at 6 (1969).

are based on comparable local ordinances. Indeed, the only restriction in the challenged provision is geographical, that is, the conviction must have occurred in "the Commonwealth of Virginia."

Provisions of the type under attack are not unique. For example, Code § 19.2-297 provides enhanced punishment if, upon conviction of petit larceny, a defendant "has been before sentenced in the United States for the like offense. . . ." If the General Assembly had intended to limit the prior convictions to those resulting from violations of the state statute it could have easily so provided; it did not and we refuse to place a restriction in the statute where none exists.

Defendant's reliance on *McKay* is misplaced. McKay was convicted in the Circuit Court of Augusta County of a second offense under the state prohibition law and sentenced to a term in the penitentiary. He had been earlier convicted of a similar offense under a Roanoke city prohibition ordinance. Section 4 of the state statute provided that any person violating "sections three and three-a of this act . . . shall be deemed guilty of a misdemeanor for the first offense, and of a felony for any subsequent offense committed after the first conviction. . . ." 137 Va. at 828-29, 120 S.E. at 138-39. The sole issue was: What constituted a "first conviction" under the state prohibition law? We decided that those words and "subsequent offense" were not intended to include a "conviction" under, or "offense" against, a city ordinance. We said "[t]he language embodied and expressed in the statute, fairly interpreted, disclose[d] no such intention and purpose on the part of the legislature." 137 Va. at 831, 120 S.E. at 139. Indeed, there, by the very terms of the statute, consideration of prior convictions was limited to violations of the state law. *See Faulkner* v. *Town of South Boston,* 141 Va. 517, 523, 127 S.E. 380, 381-82 (1925). As we have said, no such limitation appears in the present case.

We likewise reject defendant's complaint that the evidence was not sufficient to convict. The finding of guilt was based on eyewitness testimony, which amply supported the judgment of the trial court.

*Affirmed.*