COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


JOHN EDWARD TOWNSEND
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2706-08-2            JUDGE JEAN HARRISON CLEMENTS
                                                   NOVEMBER 3, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                             Catherine C. Hammond, Judge

                Samuel P. Simpson, V (Montgomery & Simpson, LLLP, on brief),
                for appellant.

                John W. Blanton, Assistant Attorney General (William C. Mims,
                Attorney General, on brief), for appellee.


        In a bench trial, John Edward Townsend (appellant) was convicted of petit larceny as a third

or subsequent offense in violation of Code §§ 18.2-96 and 18.2-104.  On appeal, appellant

contends the evidence was insufficient to support his conviction.  Finding no error, we affirm

appellant's conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

                                      BACKGROUND

        "'When the sufficiency of the evidence is challenged on appeal, we determine whether

the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense.'" Slade v. Commonwealth, 43 Va. App. 61, 69, 596 S.E.2d 90, 94 (2004) (quoting Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999)).

On May 11, 2008, Clark Brummette was working as the assistant manager at the Woodcraft store in Henrico County. Brummette observed appellant, whom Brummette knew as a prior customer, in the store for about thirty minutes. Brummette saw appellant pick up two to four "link belts," which sold for twenty-nine dollars apiece. Each package containing a link belt was one foot long, four inches wide, and three-quarters of an inch deep. Brummette did not see appellant pick up any other items in the store.

After picking up the link belts, appellant walked away from Brummette, down an aisle to the back of the store. Appellant walked along the back wall of the store, pausing as he crossed over each display aisle. Brummette, who was six feet four inches tall, was able to look over the display aisles. Appellant turned and walked down the last aisle of the store and out the door. Appellant did not stop to purchase anything. Brummette followed appellant out of the store.

As appellant was getting into a van, Brummette asked if appellant would like to "get the link belt." Appellant said, "[N]o[,] I put them back on your hook." Brummette asked if appellant was sure, and he said he was. Appellant drove away in the van. Brummette made a note of the license plate number on the van.

Brummette returned to the store and retraced appellant's path through the store. Brummette did not find any link belts along the route or in the area where the belts had been displayed.

Brummette contacted the police on "Monday a week after" the incident. Brummette had checked the store's inventory and discovered they were short two link belts. Brummette testified that, from his experience working in retail, he believed he could not report a shoplifting offense

to the police unless he had seen the perpetrator actually conceal the item on his person. Brummette provided the police with the license plate number of the van he had seen appellant driving. The police issued a warrant for the arrest of appellant, the registered owner of the van, on May 19, 2008.

In finding appellant guilty of the charged offense, the trial court stated:

> I think that some weight has to be given to Mr. Brummette as a witness. He was very certain in what he observed and I accept his testimony. I really think the only reasonable inference from that testimony is that [appellant] took the items and left the store with them.

This appeal followed.

ANALYSIS

Appellant contends the Commonwealth's evidence against him was circumstantial and insufficient to prove beyond a reasonable doubt that he committed larceny from the Woodcraft store. However, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "Circumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'"'" Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)). Moreover, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

The uncontroverted evidence proved that appellant was in the Woodcraft store for about thirty minutes before he picked up some link belts. Afterward, appellant followed a circuitous route down an aisle to the back of the store, across the length of the store, up the final aisle of the store, then out the door. When Brummette questioned appellant about the link belts, he claimed he had put them back where they were displayed. However, Brummette followed the path appellant had taken through the store and did not find the link belts. Within about a week, Brummette discovered two link belts were missing from the store's inventory, and he reported the crime to the police.

Appellant contends there were three reasonable hypotheses of innocence: he left the store without taking the link belts, someone else committed the theft, or the belts were moved to different location in the store by another customer. However, Brummette's testimony, which the trial court credited, excluded these hypotheses. Brummette saw appellant take the link belts from their display area. When Brummette questioned appellant about the link belts, he claimed he had returned the items to the hook where they had been displayed. This statement proved untrue when Brummette returned to the store and was unable to locate the missing link belts along appellant's path or in the display area.

Brummette's delay in reporting the incident to the police did not diminish his certainty about what he witnessed on May 11, 2008. He explained that he believed it was not worthwhile to report a shoplifting incident if he had not seen the perpetrator actually conceal the merchandise. But after confirming that the link belts were missing from the inventory, he did contact the police.

Viewing the evidence on appeal in the light most favorable to the Commonwealth, as we must, the evidence excluded every reasonable hypothesis of innocence and proved beyond a reasonable doubt that appellant was guilty of petit larceny as a third or subsequent offense.

## CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>

Alston, J., concurring.

While I agree with the majority's analysis, I write separately to emphasize a point not discussed in the majority opinion. My concern is with the weight that appellant's prior convictions for misdemeanor larceny, which elevated the instant conviction to a felony, might have had on the fact finder's ultimate determination of guilt in this highly circumstantial case.

The legislature, in its wisdom, has determined that a criminal defendant twice convicted of a misdemeanor larceny offense may be convicted of a felony for a third or subsequent larceny. See Code § 18.2-104. The legislature was obviously sensitive to the constitutional implications of using prior convictions to support a finding of guilt. Cognizant of these implications, Virginia courts have adopted procedural protections to ensure a conviction is based solely on evidence involving the instant offense. Nevertheless, it is well established that evidence of prior crimes is admissible where an accused is charged with a recidivist offense.

It is well settled under Virginia case law, for example, that recidivism evidence implicating the terms of Code § 18.2-104 may be admitted during the sentencing phase of trial. See, e.g., Scott v. Commonwealth, 217 Va. 425, 427, 230 S.E.2d 236, 237 (1976). Because the prior convictions necessary to sustain a conviction under a recidivist statute must be charged in the indictment, it has also been held that proof of the prior conviction is admissible during the guilt phase of a bifurcated jury trial, because it is an element of the "aggravated" recidivist offense. See Berry v. Commonwealth, 22 Va. App. 209, 213, 468 S.E.2d 685, 687 (1996) (holding that evidence of prior convictions was admissible, reasoning that, *inter alia*, "conviction of a prior like offense is an element of the charge as it was set forth in the indictment"); see also Pittman v. Commonwealth, 17 Va. App. 33, 35-36, 434 S.E.2d 694, 696 (1993) (holding that the trial court did not err in admitting proof of six prior convictions, reasoning that, "to prove the charge set forth in the indictment, the Commonwealth was obliged to prove that [the defendant]

was guilty of a third or subsequent offense"); Farmer v. Commonwealth, 10 Va. App. 175, 179, 390 S.E.2d 775, 776 (1990) (holding that proof of a prior conviction is "necessary to prove the substantive offense of driving under the influence as a third or subsequent offense and, therefore, is admissible during the guilt stage of a bifurcated trial"), aff'd on reh'g en banc, 12 Va. App. 337, 342, 404 S.E.2d 371, 373 (1991).

The evidence in the instant case was entirely circumstantial, limited, and subject to varying interpretations. The fact finder apparently accepted the Commonwealth's circumstantial case and rejected appellant's various theories of the case—a determination the fact finder, in its role, was entitled to make. My concern is that this result could be read to suggest that limited circumstantial evidence, buttressed by the pejorative implications of prior evidence of similar crimes, supports a finding of guilt for an accused twice convicted of prior offenses when on trial for a third or subsequent offense. Though I am concerned that the trial court may have placed inappropriate emphasis on appellant's two prior convictions in its consideration of the facts supporting *this* larceny, I am unable to determine, based on the record, that the trial court's determination of guilt was plainly wrong or without evidence to support it.

Recognizing the limited purpose for which the prior offenses should be used and the fact finder's prerogatives in considering the evidence, I respectfully concur in the majority's conclusion.