# Richmond

LAWRENCE GILLIAM AND EUNICE MAY GILLIAM v. H. H. HARRIS, STATE HIGHWAY COMMISSIONER OF VIRGINIA.

March 5, 1962.

Record No. 5446.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, I'Anson and Carrico, JJ.

*Wilbur L. Hazlegrove* (*Hazlegrove, Shackelford & Carr*, on brief), for the petitioners.

*M. Ray Johnston, Assistant Attorney General* (*Frederick T. Gray, Attorney General; W. P. Bagwell, Assistant Attorney General*, on brief), for the respondent.

SPRATLEY, J., delivered the opinion of the court.

This proceeding is before us on a petition addressed to the original jurisdiction of this Court by Lawrence Gilliam and Eunice May Gilliam, his wife, seeking to compel H. H. Harris, State Highway Commissioner of Virginia, to institute condemnation proceedings to ascertain the compensation due them for the taking of property which they say belongs to them. The property is a strip of land, in

the county of Roanoke, 15 feet wide, parallel with State Route 117, distant 15 feet from the center line of the said highway and running the length of petitioners' land adjacent to the highway.

The State Highway Commissioner, in his notice to dismiss the petition, claimed ownership of the strip of land in the Commonwealth, asserting that it "became vested with a fee simple title to a 60-foot right of way" on said highway by virtue of an Act of the General Assembly of Virginia, creating the Southwestern Turnpike, Acts 1845-1846, Chapter 111, page 69 and Chapter 112, page 82. In addition, he asserted ownership to the 60-foot right of way by virtue of an Act of the General Assembly of 1848, Chapter 141, page 177, for the extension of the Southwestern Turnpike from Salem to Buchanan, which turnpike includes the section of State Route 117, the width of which is questioned by petitioners. He alleged that in the construction and relocation of Route 117, he had wholly confined the work within the 60-foot right of way which the Commonwealth owns; that the basic issue presented is the ownership of the land in question; and that this Court is without original jurisdiction to try such issue. He also asserted that petitioners have an adequate remedy at law.

The petition was docketed, the notice to dismiss filed, and the parties submitted briefs in support of their contentions.

It appears from the pleadings that Lawrence Gilliam acquired, in 1936, an estate in fee simple to certain lands in Roanoke county, Virginia, bounded on the west side by State Route 117. In 1961, the State Highway Commissioner, in reconstructing and relocating State Route 117 adjoining the lands of the petitioners, improved the highway to the full extent of 30 feet on each side of the center thereof, establishing a road 60 feet wide.

Petitioners in their brief concede that, "the question of ownership of the land is an essential issue of fact or law in these proceedings." They argue that the determination of that issue "constitutes no more than an essential issue of fact and law, which this Court may and should resolve in determining to its satisfaction that conditions exist upon which rest the duty of the defendant to act." They say that no adequate remedy, save mandamus, is available to them. They rely upon *Wilson* v. *State Highway Commissioner*, 174 Va. 82, 4 S. E. 2d 746; *Hicks* v. *Anderson*, 182 Va. 195, 28 S. E. 2d 629; *May* v. *Whitlow*, 201 Va. 533, 111 S. E. 2d 804; *Lewis* v. *Christian*, 101 Va. 135, 43 S. E. 331; and decisions from other States.

It is apparent from the pleadings and briefs that the determination of this controversy is dependent upon an inquiry and finding as to the ownership of the land involved. This presents two questions: (1) Does mandamus lie to determine the ownership of land? and (2) Do petitioners have an adequate remedy available?

■ We have, on numerous occasions, stated the basic essentials for the issuance of a writ of mandamus, and it is unnecessary for us to consider cases from other jurisdictions. It is recognized that the decisions elsewhere are in conflict.

In *Hall* v. *Stuart*, 198 Va. 315, 323, 94 S. E. 2d 284, we said:

" 'Mandamus should never issue unless the petitioner's right to it is clear. * * *' *Kidd* v. *Moore*, 152 Va. 139, 148, 146 S. E. 287, 289. It should be issued only where there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy, and it is never granted in doubtful cases. *Milliner's Adm'r* v. *Harrison*, 32 Gratt. (73 Va.) 422, 426; *Tyler* v. *Taylor*, 29 Gratt. (70 Va.) 765, 766-7."

In *Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 152, 104 S. E. 2d 813, we quoted with approval the following:

"In 55 C. J. S., Mandamus, § 51, pp. 87, 88, it is said:

" 'Before the writ may properly issue, at least three elements must coexist: (1) The existence of a clear right in plaintiff or the relator to the relief sought, * * *. (2) The existence of a legal duty on the part of respondent or defendant to do the thing which the relator seeks to compel, * * *. (3) The absence of another adequate remedy at law, * * *, and, although the co-existence of these elements, standing alone, will not always suffice to justify the issuance of the writ, in the discretion of the court, * * *, the absence of either of these elements will make the issuance of the writ invalid.' "

To the same effect see 55 C. J. S., Mandamus, § 53, pages 94 and 95 and § 57, page 98; 34 Am. Jur., Mandamus, § 55, pages 847 and 848; 12 Michie's Jurisprudence, Mandamus, § 5, pages 339 and 340; and High's Extraordinary Legal Remedies, 2d ed., §§ 15 and 16, pages 20 and 21.

In *May* v. *Whitlow*, 201 Va., *supra*, we reviewed the Virginia cases relied upon by petitioners, and the case of *Childers, et al.* v. *State Road Commissioner*, 124 W. Va. 233, 19 S. E. 2d 611. We expressly stated the peculiar circumstances which prompted us to pass on the merits of the controversy in that case. 201 Va., page

533. The facts, the circumstances, and the procedure there were different from those in the present case. There we were not asked to award a writ of mandamus. We heard the case on appeal, and the reasons given for our refusal to reverse the award of the trial court are not applicable to this case. In 201 Va., *supra*, at page 538, we said:

"While technically and strictly mandamus was not a proper remedy to try the issue of ownership of the land, yet in view of the particular facts and circumstances of this case, the objection to it should not be sustained. Its use here resulted in the real issue between the parties, that is, the right of appellees to compel the State Highway Commissioner to institute condemnation proceedings against them, being fully developed and decided. No prejudice was suffered by any party, and harm rather than good would result from sending the parties back to try the same issue, to be raised by different pleadings. The court had jurisdiction over the parties and over the subject matter, and the selection of the proper remedy was only a question of procedure."

In neither the *Wilson* case, *supra*, 174 Va., nor in the *Hicks* case, *supra*, 182 Va., was there any controversy between the landowner and the State Highway Commissioner as to the ownership of land.

In *Lewis* v. *Christian*, supra, 101 Va., the defendant Christian, an oyster inspector, failed to perform a ministerial duty specifically imposed upon him by statute. Here, the Highway Commissioner was only under the duty to institute condemnation proceedings when the State sought to acquire land owned by another.

In the *Childers* case, *supra*, 124 W. Va., a judgment of the trial court awarding a writ of mandamus to compel the State Road Commissioner to institute condemnation proceedings to ascertain value of a strip of land, allegedly owned by petitioners, taken in the improvement of a highway, was reversed and the petition dismissed. It was held that a property owner might seek relief by injunction or mandamus; but that if he proceeded by mandamus he must show "a right to the land which he asks the State to condemn and pay for superior to that of the State," and the landowner has not so done. The Court further said that the case was one of first impression in West Virginia; but it failed to refer to *State, ex rel. Smith* v. *State Road Commission*, 110 W. Va. 296, 158 S. E. 163, wherein the Court

had refused to determine the question of ownership of land in an original proceeding in that court for mandamus.

Under Section 88 of the Constitution of Virginia, it is provided that this Court "shall have original jurisdiction in cases of habeas corpus, mandamus and prohibition; but in other cases in which it shall have jurisdiction, shall have appellate jurisdiction only."

Thus, we have original jurisdiction when the essential requirements for mandamus exist, and there is no other plain and adequate remedy available to prevent the failure of justice.* The State Highway Commissioner is not put under a duty to condemn land which he believes to be the property of the State. His authority applies only where property is sought to be acquired by the State. The basic issue here is the ownership of land. We have no original jurisdiction to try that issue, nor machinery to determine it.

In his brief, the State Highway Commissioner points out that the proceeding for a declaratory judgment, Code sections 8-578 through 8-585, presents an adequate remedy. He further states that there is now currently pending in the Circuit Court of Roanoke county, in which county the land of the petitioners is located, a declaratory judgment proceeding by residents of that county, similarly situated as petitioners, raising the same issue presented in this proceeding, and that petitioners have failed to undertake to make themselves parties thereto.

We conclude that the essentials for the issuance of a writ do not here exist; that petitioners have an adequate remedy available to them; and consequently the original jurisdiction of this Court cannot be here invoked.

For the reasons stated, the motion of respondent to dismiss the petition for a writ of mandamus is sustained, and the petition dismissed, without prejudice to the petitioners to pursue such rights as they may otherwise have.

*Mandamus denied.*

---

*See "Mandamus in Virginia: Its Use in Judicial Proceedings," 40 Virginia Law Review, No. 6, pages 817 *et seq.*, by Wilbur L. Hazlegrove.