## Richmond

RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD COMPANY v. DOUGLAS B. FUGATE, STATE HIGHWAY COMMISSIONER, AND S. A. BURNETT, ET AL., ETC.

June 14, 1965.

Record No. 6073.

Present, All the Justices.

*Urchie B. Ellis (David S. Antrobius,* on brief), for the petitioner.

*M. Ray Johnston, Assistant Attorney General (Robert Y. Button, Attorney General; Paul D. Stotts, Assistant Attorney General,* on brief), for respondent, Douglas B. Fugate, State Highway Commissioner.

*H. Ratcliffe Turner (Joseph F. Spinella,* on brief), for the Board of Supervisors of Henrico county.

EGGLESTON, C. J., delivered the opinion of the court.

Invoking the original jurisdiction of this court, the Richmond, Fredericksburg and Potomac Railroad Company has filed a petition against Douglas B. Fugate, State Highway Commissioner, and S. A. Burnett and others, members of the Board of Supervisors of Henrico county, praying for the issuance of a writ of mandamus to compel both the Highway Commissioner and the Board to institute eminent domain proceedings in the proper court to ascertain what compensation is due to the Railroad Company for the damages which, it alleges, have or may be done to its property by the acts of the respondents.

The petitioner alleges that the State Highway Department is constructing a portion of Interstate Highway 64 and certain interchanges between it and other State highways immediately west of the Railroad Company's right of way in Henrico county; that such construction will cause a large flow of surface water during storms into Upham Brook and Horsepen Branch which unite just west of the railroad and flow thereunder through an arch-type culvert; that in the course of such construction the Highway Commissioner "plans to" improve and relocate certain portions of the channels of these streams, thereby greatly increasing the volume and velocity of surface water therein and through the culvert under the railroad.

It is further alleged that Henrico county, through its Board of Supervisors, has recently made substantial changes in the channel and grade of Horsepen Branch, west of the railroad, thereby greatly increasing the volume and velocity of surface water which in time

of storm will flow along this stream and through the culvert under the railroad.

Continuing, the petitioner alleges that by reason of these acts or intended acts of the Highway Commissioner and the county, the "increased surface water volume and velocity has (*sic*) directly caused damage" to the property of the Railroad Company, in that the present culvert under its railroad accommodating such surface water from these two streams "has now become and will be inadequate to accommodate" the surface water volume and velocity; that "it is, or will be, necessary that" the Railroad Company install three additional culverts to accommodate such surface water, at an estimated cost of approximately $165,000, and that one such culvert has been installed at the cost of $55,271.

The petitioner further alleges that despite its repeated requests, the representatives of the State Highway Department and the county of Henrico have refused to institute condemnation proceedings "to ascertain the damages that have been done" to its property "through and by" their authority.

The petitioner concedes that the acts of the State Highway Department and the county, which have damaged its property, have been done under lawful authority. Its only concern is that it may be properly compensated for the damage to its property as required by § 58 of the Constitution of Virginia.[1]

Wherefore, the petitioner alleges, it has "a clear legal right to relief and there is a clear and unequivocal duty on the State Highway Commissioner and the Board of Supervisors of Henrico county to perform the ministerial acts of condemning" the petitioner's property, and that the petitioner is without other "specific and adequate remedy." It prays that a writ of mandamus may issue, directing the State Highway Commissioner and the members of the Board of Supervisors of Henrico county to proceed forthwith to institute and conduct proceedings for condemnation in the appropriate court "to ascertain what compensation is due your petitioner for damages done to its property."

The respondents do not question the right of the Railroad Company to compensation for damages, if any, done to its property by the works of public improvement undertaken and being carried on by them, respectively. But they assert that mandamus does not lie to compel them to institute and prosecute a condemnation proceeding

---

[1]This section provides that the General Assembly "shall not enact any law whereby private property shall be taken or *damaged* for public uses, without just compensation, * * *." (Emphasis added.)

or proceedings against the Railroad Company to ascertain and provide compensation for such damages under the allegations of the petition. Accordingly, they have filed separate motions to dismiss which are, in effect, demurrers to the petition. The grounds of such motions may be stated thus:

(1) The petition does not allege a clear right in the petitioner to the relief sought and a clear duty on the respondents to institute and prosecute condemnation proceedings against the petitioner.

(2) This court should not exercise its original jurisdiction in this case, because it appears from the face of the petition that the case involves complicated questions of fact.

(3) The petitioner has other and adequate remedies at law.

(4) There is a misjoinder of the parties and the causes of action.

■ We have frequently stated the basic essentials for the issuance of a writ of mandamus in this jurisdiction. As was said in *Richmond-Greyhound Lines v. Davis*, 200 Va. 147, 151, 104 S. E. 2d 813, 816, "A writ of mandamus is an extraordinary remedial process, which is not awarded as a matter of right but in the exercise of a sound judicial discretion. Due to the drastic character of the writ, the law has placed safeguards around it. Consideration should be had for the urgency which prompts an exercise of the discretion, the interests of the public and third persons, the results which would follow upon a refusal of the writ, as well as the promotion of substantial justice. In doubtful cases the writ will be denied, but where the right involved and the duty sought to be enforced are clear and certain and where there is no other available specific and adequate remedy the writ will issue. * * * "

In that case we quoted with approval 55 C. J. S., Mandamus, § 51, pp. 87, 88, where it is said: " 'Before the writ may properly issue, at least three elements must coexist: (1) The existence of a clear right in plaintiff or the relator to the relief sought, * * * . (2) The existence of a legal duty on the part of respondent or defendant to do the thing which the relator seeks to compel, * * *. (3) The absence of another adequate remedy at law, * * * , and, although the coexistence of these elements, standing alone, will not always suffice to justify the issuance of the writ, in the discretion of the court, * * * , the absence of either of these elements will make the issuance of the writ invalid.' " 200 Va. at 152, 104 S. E. 2d at 817. See also, *Gilliam v. Harris, State Highway Commissioner*, 203 Va. 316, 318, 124 S. E. 2d 188, 189, 190, and authorities there collected.

In the present case the petitioner seeks to compel both the State Highway Commissioner and the Board of Supervisors of Henrico county to institute condemnation proceedings against it to ascertain and establish the damage done to its property by the two respondents. There are no allegations which separate the rights of the Railroad Company against the Highway Commissioner and the Board, respectively, or the responsibility of each to the Railroad Company. Obviously, the Highway Department cannot be required to respond to the Railroad Company for damages inflicted by the county, nor can the county be required to respond for damages done by the Highway Commissioner.

The allegations in the petition indicate that the acts of the Highway Commissioner are to take place in the future. It is alleged that he "plans to" increase the grade, relocate and divert two small streams; that "This proposed Interstate Highway construction" will change the "flood plain" area of these streams; that these proposed acts will increase the flow and velocity of the surface water, and require larger culverts under the railroad.

While it is the duty of the Highway Commissioner to compensate a landowner for damages to his property for a public use, it is generally held that such duty does not arise until the damages have occurred. In *Hardy* v. *Simpson*, 118 W. Va. 440, 190 S. E. 680, 191 S. E. 47, the owner of property adjacent to highway construction sought, upon a petition addressed to the original jurisdiction of the Supreme Court of Appeals of West Virginia, to compel the state road commissioner to institute condemnation proceedings to ascertain the damages alleged to have been done to her property in the change of the grade of the street. The writ was refused on the ground that the work on the highway project had not been completed and that for this reason the application for the writ was premature. It was there held that where construction or improvement of a state highway results in damage to private property, short of the actual taking thereof, the road commission is under a duty "within a reasonable time after the completion of the work out of which such damage arises, to institute proceedings to ascertain the damage to which the owner of such property may be entitled." 190 S. E. at 681. See also, *Riggs* v. *State Road Commissioner*, 120 W. Va. 298, 197 S. E. 813; Annotation: 91 A. L. R. 2d, p. 1001.

With respect to the claim against the Board of Supervisors of Henrico county, while the petition alleges that the changes in the channel

and grade of Horsepen Branch by the county have been completed and that such changes will increase the volume and velocity of the surface water flowing through the culvert under the railroad, there is no allegation as to what damage, if any, has thereby been done to the property of the Railroad Company. True, there is an allegation that by reason of the acts or intended acts of the State Highway Commissioner and the county the petitioner's property has been damaged in that larger and additional culverts will be required to carry the surface water under its property; but, as has been said, there is no allegation as to what part of this damage has been caused by the acts of the county and what part by the acts of the State Highway Commissioner, respectively. The petition merely alleges, in general terms, that as a result of these public improvements by the State Highway Commissioner and the county, the Railroad Company has, or may have, a claim for damages against either or both of them. This is not sufficient to warrant the granting of the writ sought.

Hence, we agree with the respondents that the petition does not allege a clear right in the petitioner to the relief sought against either the State Highway Commissioner or the Board of Supervisors of Henrico county. Nor does it allege a clear duty on the part of the respondents, or either of them, to institute and prosecute condemnation proceedings against the Railroad Company to assess the damages of which the petition complains.

Moreover, the petition sets out at length certain physical changes which have been or will be made by the respondents, respectively, in the two streams and the drainage area appurtenant thereto. It details at considerable length the effect of these changes upon the volume and velocity of the surface water which will flow into these streams and through the culvert under the railroad. It must be determined what part of the damage, if any, including the necessity for additional culverts, has been caused by the acts of the respective respondents. Obviously, the establishment of these details will require the consideration and evaluation of much technical and probably conflicting evidence.

It is not the proper function of a mandamus proceeding to consider and evaluate such evidence. The primary purpose and function of such a proceeding is to enforce a clearly established right, and to enforce a corresponding imperative duty created or imposed by law. Its principal function is to command and execute, and not to inquire and adjudicate. 55 C. J. S., Mandamus, § 51, pp. 85, 86.

Nor is the Supreme Court of Appeals equipped to determine these factual issues. They should properly be resolved in a declaratory judgment proceeding in a lower court under Code, § 8-578 *ff*. *Gilliam* v. *Harris, State Highway Commissioner, supra,* 203 Va. at 320, 124 S. E. 2d at 191. If and when it has been there determined what damage, if any, has been done to the petitioner's property by the acts of the respective respondents, or either of them, mandamus may lie to compel the responsible party or parties to institute and prosecute a condemnation proceeding or proceedings to ascertain and pay for such damage.

The present case is distinguishable from *Hicks* v. *Anderson, State Highway Commissioner,* 182 Va. 195, 28 S. E. 2d 629, upon which the petitioner relies. There we issued a writ of mandamus directing the highway commissioner to institute a condemnation proceeding to ascertain and pay for the damage done to certain land in the location and construction of a near-by highway. No complicated facts were involved in that case. The evidence showed that the damage had been caused by the diversion of water from the natural watercourse so as to cross the owner's land. There was no question, as in the present case, of the responsibility between different public agencies for the damage complained of. The only issues were whether the highway commissioner had caused the damage, and if so, the amount of compensation due to the landowner.

Furthermore, in the present case the Railroad Company may maintain an action against Henrico county to recover its damages caused by the acts of the officials of the county. *Nelson County* v. *Loving,* 126 Va. 283, 101 S. E. 406; Code (Repl. Vol. 1964), §§ 15.1-508, 15.1-547, 15.1-550, 15.1-552, 15.1-553. The Railroad Company may not maintain such an action against the State Highway Commission for the reason that the State has not consented to such a suit. *Hicks* v. *Anderson, State Highway Commissioner, supra,* 182 Va. at 198, 28 S. E. 2d at 630. Compare, *Heldt v. Elizabeth River Tunnel District,* 196 Va. 477, 479, 84 S. E. 2d 511, 513, where the State has consented to such a suit against that political subdivision. See also, *Morris* v. *Elizabeth River Tunnel District,* 203 Va. 196, 123 S. E. 2d 398.

The conclusion we have reached makes it unnecessary that we consider the issue of misjoinder discussed in the briefs and at the oral argument.

For these reasons the motions to dismiss the petition for a writ of mandamus are sustained and the petition dismissed, without prejudice

to the petitioner to pursue such rights as it may otherwise have. *Gilliam v. Harris, State Highway Commissioner, supra,* 203 Va. at 320, 124 S. E. 2d at 191.

*Mandamus denied.*