LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Edward J. Pillis

    v.

City of Richmond et al.

June 21, 1973

Case No. D-5675

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today sustaining the demurrer ("Motion to Dismiss") of the defendant City of Richmond and others and which dismisses this suit.

The plaintiff, representing himself, proceeds by Petition For A Writ of Mandamus against the City, its councilmen, its Director of Public Safety, its Police Chief, and its Commonwealth's Attorney asserting that he is a taxicab driver duly licensed and qualified and that he "brings this action to protect his interest in the taxicab industry."

In this suit filed on March 23, 1973, he alleges that on March 26, 1973, City Council had scheduled a meeting to consider changes in the "taxicab ordinance"; that he has another suit pending in This Court against 8 suburban taxicab owners "who are charged with general criminal activity and cheating and being a public nuisance in" this City; that one purpose of the proposed ordinance change is to allow those 8 defendants to operate their taxicabs in the City; that the

taxicab certificates that the City proposes to issue to those defendants are not legally in the possession of the City and are held illegally by "the two major taxicab companies in the City"; that this "illegal possession" deprives the plaintiff from the use of these certificates by "possession or by employment for a legal certificate holder"; that such "illegal possession" has the purpose and effect of restraining trade and competition; and that on August 28, 1972, his request for release of thirty certificates was denied.

Certain other allegations are made in the Petition which are extraneous to a request for a Writ of Mandamus. These include allegations of malfeasance and misfeasance as to several of the defendants.

While it is difficult to ascertain from the Petition the precise nature of the relief sought, it appears from the prayer thereof that the court is asked to: (1) revoke certain taxicab certificates which are "illegally held"; (2) that the issuance of all certificates to a suburban taxicab company be withheld until the determination of the other suit aforesaid; (3) that the court supervise the issuance of all certificates; (4) that the Police Chief, Safety Director and Commonwealth's Attorney be directed to perform their duties under the law in a proper manner; and (5) that the court take over the general supervision of "the taxicab industry."

The main thrust of this suit is the complaint of the plaintiff, who alleges he is in the business of operating a taxicab in this city, that the City through its elected and appointed officials have improperly granted taxicab certificates in the past and, further, that the court should prohibit these officials from acting in this area in the future. The plaintiff bottoms his allegations upon the statement that this action is brought "to protect his interest in the taxicab industry."

The issue here upon demurrer is whether the plaintiff has stated a cause of action. A demurrer admits that all material facts which are well pleaded

are true. All reasonable inferences of fact which may be fairly and justly drawn from the facts alleged must be considered by the court in aid of the petition. The demurrer, however, does not admit the correctness of the conclusions of law stated in the petition or that the inferences of fact drawn by the pleader from the facts alleged may be fairly and justly drawn therefrom. Ames v. American National Bank, 163 Va. 1, 37 (1934). The petition here is clearly insufficient in law.

The writ of mandamus is an extraordinary remedial process which is not awarded as a matter of right but in the exercise of a sound judicial discretion. The urgency which prompts an exercise of the discretion, the interests of the public and third persons, the results which would follow the refusal of the writ as well as the promotion of substantial justice, must be considered. In doubtful cases, the writ will be denied and before it can be granted at least three elements must co-exist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondents to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy at law. The absence of either of these elements will make the issuance of the writ invalid. Railroad Company v. Fugate, 206 Va. 159, 162 (1965).

The plaintiff here does not have "a clear right to the relief sought." The right to use the streets of a city as a common carrier is a privilege and not an inherent right. Such privilege may be granted or refused by the city at its pleasure, in the exercise of its police power. Taylor v. Smith, 140 Va. 217, 234 (1924). See also Kizee v. Conway, 184 Va. 300, 306 (1945). Pursuant to the power granted by the General Assembly in Code § 15.1-892 and in Section 2.04(d) of the Richmond City Charter, the City has enacted certain ordinances regulating the operation of taxicabs within the corporate limits. See 1968 Richmond City Code, Chapter 38, § 38-1, et seq. Under these ordinances the Director of Public Safety of the defendant City is

vested with certain reasonable discretionary powers necessary to carry out the regulations.

The plaintiff complains of his inability to become the holder of certain certificates of public necessity and convenience (paragraph 6 of Petition) and accordingly asks the revocation of previously issued certificates and further asks that the court monitor and control the issuance of future certificates through a Writ of Mandamus.

His attempt in this regard has no legal basis. Mandamus does not lie to control a discretionary power vested in any administrative officer. 140 Va. 217 at 239. This rule disposes of the issue as it relates to future acts of the Director of Public Safety. As to his past acts and the plaintiff's complaint of the issuance of "illegal" certificates in the past, it is well settled that mandamus does not lie to compel an officer to undo what he has done in the exercise of his discretion. Thurston v. Hudgins, 93 Va. 780, 784 (1895).

The plaintiff sets forth no ground for any specific relief against the remaining defendants. He makes vague references to non-performance or improper performance of properly delegated discretionary and judicial duties insofar as the Chief of Police and Commonwealth's Attorney (who has answered the Petition) are concerned. The members of City Council seem to have been joined as parties defendant for the purpose of the issuance of a temporary injunction, the request therefor having been denied by order herein of April 12, 1973, following a hearing.

To sum up, the Petition fails to allege facts which show the existence of a "clear right" to the relief sought; therefore, the first basic element for the issuance of a writ of mandamus is lacking and the Petition is, therefore, dismissed.