## Richmond

BOARD OF SUPERVISORS OF THE COUNTY OF HENRICO, VIRGINIA V.
EDWARD G. HEATWOLE, DIRECTOR OF FINANCE FOR THE COUNTY OF
HENRICO, VIRGINIA.

August 30, 1973.

Record No. 8225.

Present, All the Justices.

*Andrew W. Wood, Assistant County Attorney for Henrico County* (*Robert L. Dolbeare, Acting County Attorney for Henrico County*, on brief), for petitioner.

*G. Thomas Taylor*, on brief, for respondent.

HARRISON, J., delivered the opinion of the court.

This is a sequel to *Armstrong* v. *Henrico County*, 212 Va. 66, 182 S. E. 2d 35 (1971), where residents and landowners in each of the Sanitary Districts of Henrico County challenged the county's acquisition by contract of water and sewage systems from Sanitary Districts within the county. While approving the county's contract, we further held:

"When the voters approved any Sanitary District bond issue, they were entitled to rely upon the District's compliance with the sinking fund requirements of § 21-137. *See Miller* v. *Ayres*, 211 Va. 69, 175 S. E. 2d 253 (1970). And taxpayers have standing to attack an alleged illegal diversion of public funds. *Gordon* v. *Board*

*of Supervisors of Fairfax County,* 207 Va. 827, 153 S. E. 2d 270 (1967).

"When the Contract was made, the Sanitary Districts had on hand accumulated funds derived from the operation of the systems, but had no unspent proceeds of bond issues. To the extent that those funds and funds subsequently accumulated represent net system revenues of any Sanitary District, they should be set apart as a sinking fund for the payment of interest on and principal of the bonds of that District." 212 Va. at 76, 182 S. E. 2d at 42-43.

Following remand and pursuant to an order of the trial court entered on June 6, 1972, Edward G. Heatwole, the Director of Finance for Henrico County (Heatwole), established sinking funds from the net system revenues derived from the operation of the water supply and sewage systems of four Sanitary Districts, which had accumulated in the amount of $1,533,325, to provide for the payment of interest on and principal of the bonds of those Districts.

Code § 21-137 dealt with interest and sinking funds and provided, in pertinent part:

"The net revenue derived from the operation of the public utilities so established by the sanitary district shall be set apart by the governing body to pay the interest on the bonds issued hereunder and to create a sinking fund to redeem the principal thereof at maturity. . . ."

The General Assembly of Virginia at its 1972 session repealed Code § 21-137 and enacted Code § 21-137.1, which retained the sinking fund requirement as to term bonds, and Code § 21-137.2, which abolished that requirement as to serial bonds. Relying on the new enactments, the Board of Supervisors of Henrico County (Board) on November 8, 1972 adopted a resolution directing Heatwole to "disestablish" the sinking funds that had been established pursuant to the order of the trial court and *Armstrong,* and further directing that such funds be applied to other uses it deemed appropriate.

Heatwole declined to comply with the request of the Board, responding that all the bonds outstanding in the Sanitary Districts involved were authorized and issued prior to the 1972 enactments which, he argued, could not be contsrued retroactively. To comply with the

Board's directive would, he claimed, place him in contempt of the trail court's order.

Thereafter the Board, invoking the original jurisdiction of this court, filed its petition praying that a writ of mandamus be issued directed to Heatwole requiring him to comply with its directive. The Board alleges that "[t]he County needs the funds set apart in the sinking funds immediately, and resort to the usual channels of litigation would be time-consuming and involve great expense to the people of the County who are entitled now to the use of the aforementioned sums".

Heatwole filed his grounds of defense and a motion to dismiss the petition, alleging that the Board has other and adequate remedies at law and that its petition shows on its face a nonjoinder of necessary parties.

Code § 21-137.2 provides as follows:

> "When serial bonds have been issued, the net revenue derived from the operation of such systems shall be applied to pay the interest on and the principal of such serial bonds as the same become due, but no sinking fund shall be required in respect of serial bonds.
>
> "The board shall, if necessary, levy an annual tax upon all property in such sanitary district, subject to local taxation, to pay such principal and interest as shall annually become due for payment. In the event net revenue exceeds the annual principal and interest due thereon, the board may use such net revenue for extensions and additions to the system, purchase and retirement of outstanding bonds of the district, or for any other lawful purpose consistent therewith."

The Board points out that the bonds whose payments are secured by the sinking funds involved here are all serial bonds. They contend that while Chapters 221, 222 and 236, Acts of Assembly 1972, which embody the statutes involved, do not expressly declare retroactivity they do, when read as a whole, show an implied intention that they be applied retroactively to existing sinking funds set up under former § 21-137.

We express no opinion on the merits of the issues raised by the pleadings for we are persuaded that Heatwole's motion to dismiss should be granted. This proceeding is, in effect, one between officials of Henrico County. The respondent Heatwole has no interest in its

outcome except that of a citizen and public official. Neither the Sanitary District bondholders nor the landowners and users of the system in the Sanitary Districts where sinking funds exist—the real parties in interest—are before the court or represented. In *Armstrong* we pointed out that in the absence of a statute bond issues include sinking fund provisions only pursuant to agreement and negotiations by and between the governing body of the Sanitary District and the underwriters. We took the position that "[b]ecause landowners suffer taxation if system revenues are diverted to other purposes than payment of bonds, we interpret the sinking fund provisions of Code § 21-137 as intended to protect the landowners' interests". 212 Va. 76, 182 S. E. 2d 42.

The interest of a bondholder is equally apparent. The bonds involved here were all issued and sold prior to the repeal of Code § 21-137 and were purchased with the knowledge that the sinking funds in issue were required and would be provided. The statute under which the Sanitary Districts acted in selling the bonds so directed.

The Board seeks approval to divert and use the sinking funds for a purpose other than payment of interest and principal of bonds in a proceeding in which bondholders, landowners and the users and owners of the system are not parties and of which, so far as this record discloses, they have no knowledge.

The essentials for the issuance of a writ of mandamus were stated in *Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 151-52, 104 S. E. 2d 813, 816 (1958) as follows:

"A writ of mandamus is an extraordinary remedial process, which is not awarded as a matter of right but in the exercise of a sound judicial discretion. Due to the drastic character of the writ, the law has placed safeguards around it. Consideration should be had for the urgency which prompts an exercise of the discretion, *the interests of the public and third persons*, the results which would follow upon a refusal of the writ, as well as the promotion of substantial justice. In doubtful cases the writ will be denied, but where the right involved and the duty sought to be enforced are clear and certain and *where there is no other available specific and adequate remedy the writ will issue. . . .*" (Italics supplied.) *See also Railroad Company* v. *Fugate*, 206 Va. 159, 142 S. E. 2d 546 (1965).

*Stroobants* v. *Highway Comm.*, 209 Va. 275, 278, 163 S. E. 2d 192, 194 (1968) is also pertinent. There we said:

> "Virginia's Declaratory Judgment Law, as amended, provides petitioners with an adequate remedy at law. Accordingly, there is no occasion for them to resort to the extraordinary writ of mandamus or for this court to exercise its original jurisdiction. Mandamus should be reserved to discharge its principal purpose, i.e., to enforce a clearly established right and to enforce a corresponding imperative duty created or imposed by law. . . ."

Heatwole contends that the bondholders and landowners have contractual and other property rights in the sinking funds which vested at a time when § 21-137 was in effect. He says the disestablishment of the sinking funds, and their diversion to other purposes, would amount to an unconstitutional diversion of public funds irrespective of the intent of the General Assembly that its 1972 legislation be retroactive. He also denies any such intent by the legislature.

The Board's reliance on *Miller* v. *Ayres*, 211 Va. 69, 175 S. E. 2d 253 (1970) is misplaced, for there the Attorney General proceeded under Code § 8-714. This section expressly gives the Attorney General the authority to file a petition of mandamus to secure the construction of an Act directing payment out of the state treasury whenever the Comptroller or the State Treasurer notifies the Attorney General in writing that they or either of them entertains a doubt respecting the proper construction or interpretation of such Act. As we further note, § 8-714 not only requires the Comptroller and the State Treasurer or either of them, as the case may be, to be made a party or parties defendant, but expressly grants to this court the right in its discretion to "cause such other officers or persons to be made parties defendant as it may deem proper".

*Andrews* v. *Shepherd*, 201 Va. 412, 111 S. E. 2d 279 (1959) is also cited by the Board. This case holds that mandamus is the proper remedy to compel public officials to perform their ministerial duties. The problem here is that a controversy has arisen over the legal right of the Director of Finance of Henrico County to disestablish and disburse certain sinking funds as directed by the Board of Supervisors of that county. This controversy can be resolved only in a proceeding in which all proper parties in interest are before the court. Had the Board instituted such a proceeding and prevailed, and had Heat-

wole thereafter refused to comply with their directive, it would then have been on sounder procedural ground in seeking a writ of mandamus to compel compliance.

For the reasons assigned the respondent's motion to dismiss the Board's petition for a writ of mandamus is granted.

*Dismissed.*