## CIRCUIT COURT OF THE CITY OF STAUNTON

Howard M. Hanna et al.

v.

Thelma Eiland et al.

April 18, 1978

Case No. 4889

By JUDGE ROSCOE B. STEPHENSON, JR.

The petitioners, Howard M. Hanna and Mary E. Hanna, pray for the issuance of a writ of mandamus against the respondents requiring them to bring suit to enforce the Zoning Ordinance of the City of Staunton. The respondents consist of the members of the City Planning Commission, the members of the City Council, the City Manager, the City Building Official and five property owners, namely: David W. Brown, Inc., Theodore G. Osborne, Louise W. Osborne, John W. Barnard and Mary O. Barnard (referred to as "the owners").

Petitioners allege that the owners have failed to comply with certain provisions of the Zoning Ordinance relating to a B-3 Planned Business Classification. All respondents have demurred to the petition. The ground of the owners' demurrer is that they lack authority to enforce the Zoning Ordinance. The other respondents have demurred on the grounds that (1) the petitioners have available to them a specific and adequate remedy as set forth in the Zoning Ordinance, (2) the petition seeks to compel them to perform a nonministerial act, and (3) they have no authority or duty to perform such an act.

At the outset, it is obvious that the owners, not being public officials, cannot be subjected to a writ of mandamus. Equally obvious is the conclusion that neither the members of the Planning Commission, nor the City

Manager, nor the Building Official are empowered to enforce the ordinance.

The remaining issue is whether the court can compel the City and its governing body to institute a suit to enforce its Zoning Ordinance under the facts as alleged in the petition. The court is of opinion that it cannot.

A writ of mandamus, being an extraordinary remedy, is not to be issued in a doubtful case. To issue, it must appear that a clear and positive right exists, that the act to be compelled is ministerial and not discretionary, and that no other adequate remedy exists. *Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 104 S.E.2d 813 (1958); *Andrews* v. *Shepherd*, 201 Va. 412, 111 S.E.2d 279 (1959); *May* v. *Whitlow*, 201 Va. 533, 111 S.E.2d 804 (1960); *Gilliam* v. *Harris*, 203 Va. 316, 124 S.E.2d 188 (1962); *Davis* v. *Dusch*, 205 Va. 676, 139 S.E.2d 25 (1964); *Railroad Company* v. *Fugate*, 206 Va. 159, 142 S.E.2d 546 (1965); *Stroobants* v. *Highway Commissioner*, 209 Va. 275, 163 S.E.2d 192 (1968); *Henrico County* v. *Heatwole*, 214 Va. 210, 198 S.E.2d 613 (1973).

The ordinance provides for a criminal prosecution of anyone who violates its provisions and further provides that "[c]ompliance therewith, *may* also be enforced by injunctional order at the suit of the City, or the owner or owners of real estate within the district affected by the regulation of this Code." (emphasis added) Article VII, Section 7. Whether a suit is filed, and if so, when and under what circumstances are matters within the judgment and discretion of the City Council. Such an act, being discretionary, is not ministerial. Moreover, the ordinance provides the petitioners with a specific and adequate remedy.

For the foregoing reasons, all demurrers are sustained and the writ is denied.