## CIRCUIT COURT OF THE CITY OF NORFOLK

Nabil Kassir et al.

v.

City of Norfolk

January 28, 1980

Case No. (Law) L-79-2043

By JUDGE JOHN W. WINSTON

Plaintiffs here seek a money judgment against defendant, alleging in their motion for judgment that it took and damaged their property for a public purpose without just compensation and thus without due process of law. Plaintiffs assert that in the process of widening Granby Street and the Granby Street Bridge defendant placed various obstacles in front of their property and destroyed a portion of the roadway also in front of their property, thus depriving plaintiffs and their invitees of a means of ingress to and egress from such property.

Defendant has demurred to the motion for judgment, asserting (1) that plaintiffs' exclusive remedy is declaratory judgment and condemnation pursuant to Virginia Code Section 8.01-187, and (2) that in any event plaintiffs have not properly stated a cause of action founded in implied contract at common law.

The demurrer will be sustained because plaintiffs' exclusive remedy is pursuant to Virginia Code § 8.01-187.

Though plaintiffs allege both a taking of and damage to their property, the factual allegations of the motion for judgment support only a damage claim. Prior to 1902 no remedy was afforded an owner claiming damage to his private property at the hands of the state or a county or a city for a public use. In that year the Virginia Constitution was rewritten to provide in Section 58 (now

Article I, § 11) that no private property should be taken or *damaged* for a public use, without just compensation. No statutory remedy accompanied this constitutional change, hence it was later declared that since the constitutional change was self-executing, the common law would provide a compensation remedy founded in implied contract. *Swift and Co.* v. *Newport News*, 105 Va. 108 (1906); *Nelson County* v. *Coleman*, 126 Va. 275 (1919); *Nelson County* v. *Loving*, 126 Va. 283 (1919); *Railroad Company* v. *Fugate, et al.*, 206 Va. 159 (1965).

This common law remedy has been held available to property owners asserting implied contract claims against counties, cities, and agencies which the state had consented to be sued. See cases cited above and *Hicks* v. *Anderson*, 182 Va. 195, 198 (1944); *Heldt* v. *Elizabeth River Tunnel Commission*, 196 Va. 477, 479 (1954).

But such remedy has not been equally available against the state itself since it had not consented to be sued. *Wilson* v. *State Highway Commission*, 174 Va. 82 (1939). Hence property owners claiming damage caused by the state found it necessary to seek writs of mandamus from the courts, directing the state to commence condemnation proceedings so that just compensation could in that way be secured.

However, writs of mandamus were not considered a satisfactory remedy against the state. They issued only in a court's discretion. And that discretion was slow to be exercised if a complicated factual situation was presented. Dissatisfaction with this remedy found expression in *Railroad Company* v. *Fugate et al., supra*, at page 165:

> Nor is the Supreme Court of Appeals (of Virginia) equipped to determine these factual issues. They should properly be resolved in a declaratory judgment proceeding in a lower court under Code § 8-578 ff. *Gilliam* v. *Harris, State Highway Commissioner, supra*, 203 Va. at 320, 124 S.E.2d at 191. If and when it has been there determined what damage, if any, has been done to the petitioner's property by the acts of the respective respondents, or either of them, mandamus may lie to compel the responsible party or parties to institute and prosecute

a condemnation proceeding or proceedings to ascertain and pay for such damage.

This was stated in 1965. Thereafter in 1968 a statutory remedy was created in the form of Virginia Code Section 8-581.1 (now § 8.01-187). This law as enacted by the General Assembly authorized owners of damaged property to first file a declaratory judgment proceeding and establish that his property had been taken or damaged within the meaning of Section 58 (now Article I, § 11) of the Virginia Constitution. Having done so but still not receiving acceptable compensation, such owner was then authorized to petition the court in a condemnation proceeding to appoint commissioners to determine what compensation was due.

Professor Boyd comments that this statutory remedy may well have been suggested by the language quoted above from *Railroad Company* v. *Fugate. See Annual Survey of Virginia Law (1968), Practice and Pleading*, T. Munford Boyd, 54 Virginia Law Review 1465, 1470.

Whether this theory is correct or not, it is apparent that there will be no further issuance of writs of mandamus as a remedy in cases involving such property damage claims against the state. See *Stroobants* v. *Highway Comm.*, 209 Va. 275 (1968).

But since this 1968 statutory remedy is not limited by its wording to claims against the state, it is clear that the legislative purpose was broader than simply solving the mandamus concerns expressed in the *Railroad Company* case. That purpose was to establish a statutory remedy which would be available to every owner of property damaged for a public use by any state or other governmental unit or agency in Virginia. Such purpose was also to replace any common law remedy that had come into use originally because a constitutional right had been created without a corresponding statutory remedy to enforce that right.

This view of the legislative purpose is supported by the fact that if a statutory remedy for the then new constitutional right had been enacted in 1902, no common law remedy would have ever had to be created to enforce it. And it receives further support from the fact that the statutory remedy now established gives the aggrieved property owner the use of the Virginia condemnation statute which requires in Code § 25-46.2 that:

> Unless specifically provided by law, all proceedings for the condemnation of property under the power of eminent domain shall be brought or conducted according to the provisions of this chapter.

Clearly those persons to whom the statutory remedy now applies cannot elect to pursue a common law remedy instead. The remedy void which originally existed has been filled by the legislature to the exclusion of all other remedies.

Where a statute prescribes a new remedy for an existing right, it is not to be construed as abolishing a pre-existing remedy in the absence of express words or necessary implication. *Levy* v. *Davis*, 115 Va. 814, 821 (1914); *Charlottesville* v. *Marks' Shows*, 179 Va. 321, 331 (1942). But here the entire statutory remedy contains both such express words as well as that necessary implication.

That plaintiffs allege damage from the widening and grading of a public street and bridge amounting to a public use is apparent from the definition of that term in Virginia Code § 15.1-276 and from § 15.1-14.

*Burns* v. *Board of Supervisors*, 218 Va. 625 (1977), relied upon by plaintiffs is not controlling here. For though property owners' damage claim was founded in implied contract, the case involved only county's demurrer claiming immunity from tort actions and insufficient factual allegations of actual or implied contract. The statutory remedy provided in Code § 8.01-187 was not referred to either in the pleadings or appellate briefs and was not mentioned by the Supreme Court in its opinion overruling the Board's demurrer and remanding the case for trial.

Counsel for defendant is directed to prepare and present an endorsed order sustaining the first ground of the demurrer and permitting plaintiffs to file an amended motion for judgment in the form of a declaratory judgment action if they be so inclined.