## CIRCUIT COURT OF CAROLINE COUNTY

Alexander Long, IV

     v.

Town of Port Royal et al.

June 29, 1987

Case No. 87-C-9

By JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on the respondent's demurrer to the combined petition for declaratory judgment and petition for writ of mandamus. The court heard arguments on April 22, 1987. Memoranda of law were filed on May 4, 1987 (by the respondent) and on May 11, 1987 (by the petitioner).

The petitioner will be referred to as "Long." The respondents will be referred to collectively as "Port Royal."

Long has filed a petition for declaratory judgment pursuant to Virginia Code § 8.01-184 and a petition for writ of mandamus, in a single pleading, requesting certain relief on account of Port Royal's alleged failure to adopt certain ordinances, and to create enforcement machinery, as mandated by state law.

Specifically, Long alleges that Port Royal has not

done the following things, all of which are required, he contends, by state law.

1. The town has not adopted a subdivision ordinance as required by Virginia Code § 15.1-465.

2. The town has not created a board of zoning appeals as required by Virginia Code § 15.1-494, although it has adopted a zoning ordinance (the "Business Control ordinance of Port Royal").

3. The town has not created a planning commission as required by Virginia Code § 15.1-471.1.

4. The town has not adopted a comprehensive plan as required by Virginia Code § 15.1-446.1.

5. The town has not created a local building department or a board of building appeals as required in Virginia Code § 36-105.

Long alleges that he is a resident and qualified voter of the Town of Port Royal and that he owns real estate located within the Town. He alleges that his property will suffer severe and irreparable harm and reduction in value as a result of Port Royal's noncompliance with state law unless he obtains the relief sought.

Port Royal has demurred to the petition, alleging that Long has no standing to bring this action; that Long does not allege that he has made any demand upon any public official of Port Royal or that anything has been denied him by such officials; that no actual controversy exists; and that the court should exercise its discretion and decline to entertain the matter. These assertions are reviewed below.

Because the court is called upon to determine matters raised on demurrer, all factual allegations contained in the petition are, for the purpose of this opinion, accepted as true. *See West Alexandria Properties v. First Virginia Mortgage, etc.*, 221 Va. 134 (1980).

*Declaratory Judgment*

The Declaratory Judgment Act (Virginia Code § 8.01-184 et seq.) empowers circuit courts to make "binding adjudications of right" in cases of "actual controversy," even when no consequential relief is claimed.

The intent of the statute is to permit courts to render declaratory judgments which may guide parties in

their future dealings with each other, thereby relieving them from the risk of taking undirected action which would jeopardize their rights or interests. One does not have to wait until a right has been violated and identifiable damage sustained; preventive relief is the moving purpose behind the legislation. The common law rule of "injury before action" has been modified. The Act is remedial; it supplies another remedy to enforce existing rights. *Chaffinch v. C. & P. Telephone Co.*, 227 Va. 68 (1984).

The Act does have limits. It is not intended to authorize the judiciary to render advisory opinions, or to take up moot questions, or to rule upon interesting but hypothetical issues.

In furtherance of these limitations, a person seeking to maintain an action under the Act must show that he has a justiciable interest in the subject matter in litigation. *Cupp v. Board of Supervisors*, 227 Va. 580 (1984). The controversy, in order to be "justiciable," must be one in which specific adverse claims based upon present rather than future or speculative facts are ripe for judicial adjustment.

Further, there must be an actual controversy between the parties based on "actual antagonistic assertion and denial of right." *Virginia Historic Landmark Commission v. Board of Supervisors*, 217 Va. 468 (1976).

The court is of the opinion that Long's pleading meets these requirements. An actual controversy exists between the parties. As a landowner in the Town of Port Royal, he has a justiciable interest in the subject matter of this litigation.

The statutes which direct that counties and municipalities adopt certain land use ordinances and the appropriate enforcement machinery obviously are intended to protect and benefit those persons owning land within the territories of those localities. Long is one of those persons intended to be directly benefited. He has a legitimate interest in seeing that his municipality complies with these statutes. His assertion is surely antagonistic to Port Royal, which has failed for years (in one instance, for a decade) to comply with the state legislation. This continuous noncompliance denies Long a right to which he is entitled: to have his property protected and benefited.

Port Royal claims that Long has not exhausted his non-judicial remedies, and that he has never made a demand upon public officials of the Town.

What remedies were available to Long?

There are no administrative remedies. That is the point of Long's suit: the ordinances have not been adopted and the administrative machinery has not been put in place. Where there are no administrative remedies equal to the relief sought, exhaustion of administrative remedies does not have to be alleged before a declaratory judgment action can be maintained. *Mosher Steel-Virginia v. Teig*, 229 Va. 95 (1985).

There is no authority for the proposition that Long must first exhaust political efforts to accomplish the objective. If such were a prerequisite, courts would be drawn into a quagmire and called upon to make fine distinctions about the political process. For instance, will a telephone call to the mayor or a councilman suffice? Or must he attend council meetings and publicly demand redress?

In *Board of Supervisors v. Rowe*, 216 Va. 128 (1975), cited by the petitioner, James City County adopted a zoning ordinance which created a zoning district that limited the use and development of property in that district. Persons who owned land in the district filed a motion for declaratory judgment praying for a declaration that the restrictions in the ordinance were unconstitutional. The County demurred, alleging, among other things, that there was no justiciable controversy. The trial court overruled the demurrer and the Virginia Supreme Court affirmed. The action was proper though no "demand" had been made by the landowners upon public officials, and there was no adequate administrative remedy.

Despite distinctions, *Rowe* is apposite.

For the foregoing reasons, Port Royal's demurrer to the declaratory judgment action will be overruled.

### Mandamus

The modern writ of mandamus may be defined as a command issuing from a common law court of competent jurisdiction, in the name of the State or sovereign, directed to some corporation, officer or inferior court, requiring the perform-

ance of a particular duty therein specified, which duty results from the official station of the party to whom the writ is directed, or from operation of law. And to warrant the issuance of the writ it must appear that it is within the power of the defendant, as well as his duty, to do the act in question. *Board of Supervisors v. Combs*, 160 Va. 487 (1933).

A writ of mandamus is an extraordinary remedial process, which is not awarded as a matter of right but in the exercise of a sound judicial discretion . . . . In doubtful cases, the writ will be denied, but where the right involved and the duty sought to be enforced are clear and certain and where there is no other available specific and adequate remedy the writ will issue. It will not lie where it would serve no useful purpose or where it would work an injustice or hardship or be harmful to the public interest.

Mandamus will issue to compel public officers to execute their purely ministerial duties under the law, but where the public officer or board is vested with a discretion or judgment, their actions cannot be controlled or reviewed by mandamus in the absence of statute providing therefor. . . . *Richmond-Greyhound Lines v. Davis*, 200 Va. 147 (1958). The function of a trial court in a mandamus proceeding is to command and execute, and not to inquire or adjudicate. *R. F. & P. Railroad Company v. Fugate*, 206 Va. 159 (1965).

Before the writ may properly issue, at least three elements must coexist: (1) The existence of a clear right in plaintiff or the relator to the relief sought. . . . (2) The existence of a legal duty on the part of respondent or defendant to do the thing which the relator seeks to compel. . . . (3) The absence of another adequate remedy at law. . . . and, although the coexistence of these elements, standing alone, will not always suffice to justify the issuance of the writ, in the discretion

of the court, the absence of either of these elements will make the issuance of the writ invalid. *Richmond-Greyhound Lines v. Davis, supra.*

The allegations in Long's petition set forth a clear right to the relief sought, the existence of an express and specific duty on the part of Port Royal to do the things which Long seeks to compel, and the absence of another adequate remedy.

Failure or refusal of the officials of a municipality to perform a non-discretionary act which is mandated by clear, plain, and imperative language of state law, is the proper subject matter of mandamus. *See, e.g., Richmond Funeral Directors' Association v. Groth*, 202 Va. 192 (1961).

The issue can be raised by one who is entitled to interpose it; in other words, by a plaintiff who has a clear right to the relief sought. As a resident and landowner within the Town of Port Royal, and for the same reasons discussed above, Long has "standing" to petition for such a writ.

For the foregoing reasons, Port Royal's demurrer to the petition for writ of mandamus will be overruled.

### Exercise of Discretion

It is true, as Port Royal alleges, that courts may exercise discretion in entertaining actions for declaratory judgment and petitions for writs of mandamus. In this case, for the reasons discussed above, the court is of the opinion that a dismissal of the petition at this stage would constitute an abuse of discretion. This is not to say that the court will not exercise considerable discretion limiting the scope of the inquiries in the litigation and in framing any relief to which the petitioner ultimately may be entitled.

### Related Matters

In paragraph 3 of Count I of the petition, realleged throughout, Long claims that he is representing the interests of himself "and the interests of other residents

and qualified voters similarly situated." In his memorandum, Long says that the state laws which are the subject of this case "were enacted for the benefit and protection of the citizens of this State . . . ."

Whether he intends this proceeding to be on behalf of all of the approximately five million citizens of the Commonwealth, or just those persons residing in Port Royal, the court knows of no basis upon which Long would be permitted to bring this action in such a representative capacity. His ability to prosecute the case, and to obtain the relief sought, rests upon the merits of his individual position and claims.

Accordingly, all allegations and prayers for relief relating to "other persons" who may be "similarly situated" are stricken, and will not be considered further.

In paragraphs 11, 12 and 13 of Count I, realleged throughout, Long asserts that subdivision and land development activities heretofore carried out in Port Royal are unlawful and void, and he reserves the right to add as additional respondents any and all persons who may have benefited from such allegedly void activities. In is prayers for relief, however, he does not specifically ask that all such antecedent activities be declared void.

Port Royal has requested the court to enter an order requiring Long to give notice to all such persons who would be affected by a ruling that would void those antecedent activities.

Within the framework of this proceeding, the court has no intention of permitting Long to use the judicial system to develop an inventory of all persons who may have benefited from subdivision and land development activities in Port Royal over the last decade, and then to declare void all such actions taken.

Accordingly, Port Royal's motion for an order requiring notice to other persons not parties to this action is unnecessary and will be denied.

In sum, this case is between Long and Port Royal. If a writ should issue, it will issue against the appropriate public officials based on the merits of Long's claim individually. If other relief should be granted, it will be granted to Long individually against Port Royal and no other person or entity.

*Protective Order*

Long has filed interrogatories and a request for production of documents. Port Royal has filed a motion for protective order.

Some of the inquiries and items sought (for example, Interrogatory # 6(e) and Request for Production # 22) are inappropriate as a result of the determinations made in this opinion. Much of the information may be obtained by Long under the provisions of Virginia Freedom of Information Act. Other interrogatories and requests are oppressive and unduly burdensome. If the parties cannot resolve these pretrial discovery issues, the court will hear arguments on Port Royal's motion and will make point-by-point rulings on a date which counsel should schedule in advance with the judge's office.

Finally, the court observes that this case, for all its seeming complexity and far-reaching dimensions, is in essence a petition for writ of mandamus. The function of the court in a mandamus proceeding is to *command and execute*, not to *inquire and adjudicate*. See *R. F. & P. Railroad Company v. Fugate, supra.* Evidentiary hearings in this case will be conducted accordingly.

*Conclusion*

The demurrer will be overruled. All allegations and prayers for relief in Long's pleading relating to "other persons" who may be "similarly situated" will be stricken. The court will not permit the wholesale joinder of persons who may have benefited from antecedent subdivision and land development activity for the purpose of declaring all such activity void.