# CIRCUIT COURT OF FAIRFAX COUNTY

Roberto Chavez

v.

J. Thomas Manger

June 10, 2003

Case No. (Law) 209841

BY JUDGE R. TERRENCE NEY

This matter came before the Court on November 27, 2002, pursuant to Petitioner's request for the issuance of a Writ of Mandamus against Respondent J. Thomas Manger compelling the Respondent to release certain police investigative reports in the custody of the Fairfax County Police in connection with the Petitioner's 1982 conviction.

## *Facts*

Petitioner Roberto Chavez was convicted on November 19, 1982, on two counts of robbery and two counts of use of a weapon for which the punishment imposed was imprisonment in the state penitentiary for life plus six years. After his incarceration, Chavez received additional convictions and time, and is now serving a combined active sentence of life imprisonment plus seven years, eight months, and ten days. Chavez is currently incarcerated at the Buckingham Correctional Center in Dillwyn, Virginia.

Chavez, maintaining his innocence over the past twenty-one years, seeks access to "all facts concerning his arrest, accusations made against him, and trial records." On June 25, 2002, Chavez sent a written request to the Fairfax County Police Department seeking the release of certain criminal investigative files and records, allegedly exculpatory in nature, relating to his arrest in 1982.

Specifically, Chavez requests the release of (1) Investigator Butler's offense reports; (2) any and all results of Investigator Butler's (or other officers') identification photograph line-up of the alleged suspects after their arrest; (3) Officer John Brocco's investigative reports; (4) Officer Andy Johnson's search reports and investigative search inventories; (5) Officer Mac Haley's search reports and investigative search inventories; and (6) any and all statements of the eye-witnesses obtained by John Brocco.

On July 12, 2002, the Inspections Division of the Fairfax County Internal Affairs Bureau denied Chavez's request, exercising an exemption under FOIA pursuant to Va. Code Ann. § 2.2-3705(C) (2002) ("No provision of this Chapter or Chapter 21 of Title 30 shall be construed to afford any rights to any person incarcerated in a state, local, or federal correction facility. . . ."). In its July 12, 2002, response letter to Chavez, the Inspections Division of the Fairfax County Internal Affairs Bureau wrote, "As an incarcerated prisoner, you are not eligible to receive information pursuant to the provisions of the Virginia Freedom of Information Act," citing specifically to the aforementioned provision of FOIA.

On August 6, 2002, the Fairfax Circuit Court granted the release of the trial transcript to Chavez.

On November 27, 2002, Chavez petitioned this Court for a Writ of Mandamus against J. Thomas Manger seeking to compel the Respondent to release certain exculpatory evidence.

On January 16, 2003, the Respondent filed a Response in Opposition to Chavez's petition.

## Discussion

The issue presented is whether a convicted and incarcerated individual requesting allegedly exculpatory evidence in the custody of the Fairfax Police Department pursuant to the Virginia Freedom of Information Act ("FOIA") is denied rights and privileges conferred by that act when the responding public official chooses to exercise an exemption, thereby precluding release of the requested information.

Chavez, relying on the language of § 2.2-3705(C) of FOIA, contends that FOIA entitles him to certain criminal investigative records and files in the custody of the Fairfax County Police Department relating to his 1982 arrest and subsequent conviction. Chavez relies on the language contained in the second sentence of § 2.2-3705(C), which states that "this subsection shall not

be construed to prevent an incarcerated person from exercising his constitutionally protected rights, including, but not limited to, his rights to call for evidence in his favor in a criminal prosecution."

In response, the Respondent, also relying on § 2.2-3705(C) of FOIA, first argues that Chavez, as an incarcerated prisoner, is not eligible to receive information pursuant to FOIA. Respondent relies on the first sentence of § 2.2-3705(C) of FOIA, which states that "No provision of this chapter or Chapter 21 of Title 30 shall be construed to afford any rights to any person incarcerated in a state, local or federal correctional facility. . . ."

Second, even if Chavez is entitled to use of FOIA, the Respondent argues that Chavez's request nonetheless is exempt from the provisions of the Act mandating disclosure, as § 2.2-3706(F)(1) specifically exempts "complaints, memoranda, correspondence, and evidence relating to a criminal investigation or prosecution, other than criminal incident information as defined in subsection A." Va. Code Ann. § 2.2-3706(F)(1) (2002). This provision does not specify whether complaints, memoranda, correspondence, and evidence are exempt only when related to a *current* investigation or prosecution or whether such information is exempt under all circumstances. Va. Code Ann. § 2.2-3706(A) defines "criminal incident information" as a general description of the criminal activity reported, the date and general location the alleged crime was committed, the identity of the investigating officer, and a general description of any injuries suffered or property damaged or stolen.

Section 2.2-3700 of the Virginia Code, which addresses generally the policy considerations underlying the enactment of FOIA, states that unless the public body specifically elects to exercise an exemption provided by this chapter or any other statute, all reports, documents, and other material shall be available for disclosure upon request. Va. Code Ann. § 2.2-3700 (2002).

When a person is denied rights and privileges conferred under the provisions of FOIA, a writ of mandamus is one of the remedies available under Code § 2.2-3713. Va. Code Ann. § 2.2-3713(A) (2002). A writ of mandamus, however, is an extraordinary remedial process, which is not

---

[1] A writ of mandamus is an extraordinary remedy used to compel public officers to perform their purely ministerial duties under the law. *Earley v. Landsidle*, 257 Va. 365, 369, 514 S.E.2d 153, 155 (1999); *Richlands Medical Ass'n v. Commonwealth*, 230 Va. 384, 386, 337 S.E.2d 735, 737 (1985). A ministerial duty is one that does not require the use of discretion or personal judgment, and accordingly, a writ of mandamus cannot be used to compel a discretionary decision or judgment. *Dovel v. Bertram*, 184 Va. 19, 22, 34 S.E.2d 369, 370 (1945).

awarded as a matter of right but in the exercise of a sound judicial discretion. *Eric Lawrence, Zoning Administrator v. Jenkins*, 258 Va. 598, 521 S.E.2d 523 (1999).

Mandamus should never issue unless the petitioner's right to it is clear. *Hall v. Stuart*, 198 Va. 315, 323, 94 S.E.2d 284, 290 (1956). It should be issued only where there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy, and it is never granted in doubtful cases. *Id.* Although the coexistence of these elements, standing alone, will not always suffice to justify the issuance of the writ, in the discretion of the Court the absence of either of these elements will make the issuance of the writ invalid. *Gilliam v. Harris*, 203 Va. 316, 318, 124 S.E.2d 188, 190 (1962).

One of the elements necessary before a writ of mandamus issues is the clear right of the petitioner to the relief being sought. *Id.* That said, a writ of mandamus is appropriate here only if Chavez was denied clearly established rights and privileges under FOIA.

Applying this principle, none of Chavez's "constitutionally protected rights" were denied as a result of the Respondent's exercise of an exemption under FOIA, nor does Chavez point to any such rights. In addition, FOIA does not clearly establish any right on the part of Chavez to access the criminal investigative reports in the custody of the Fairfax County Police Department. On the contrary, Chavez, as an already convicted and incarcerated felon, is neither the subject of any current criminal prosecution nor entitled to use of FOIA. Va. Code Ann. § 2.2-3705(C) (2002). Even if the Court were to find that Chavez's status as an incarcerated convicted felon does not preclude his use of FOIA to access information, all that Chavez is entitled to under the statute is "criminal incident information" relating to his offense, not criminal investigative reports. See *supra.*

Moreover, it is fundamental that a writ of mandamus will never issue where the party aggrieved has another adequate remedy at law, by action or otherwise. *Hall v. Stuart*, 198 Va. 315, 324, 94 S.E.2d 284, 290 (1956). Wherever an express remedy is afforded by statute, plain and specific in its nature, and sufficiently adequate to redress the grievance complained of, mandamus will not lie. *Id.*

One such remedy is the issuance of a writ of habeas corpus, the purpose of which is to gain access to exculpatory evidence when one has probable cause to believe that he is detained without lawful authority. Va. Code Ann. § 8.01-654 (2002). Chavez is obviously aware of such a remedy, as he previously

petitioned the Court for the issuance of a writ of habeas corpus claiming that the Virginia Parole Board had violated his constitutional rights in denying his release on discretionary parole. Finding no evidence of any due process violations, the Court denied Chavez's request for relief on September 6, 2001, and dismissed the petition with prejudice.

## Conclusion

In the circumstances disclosed by this record the Court concludes that mandamus is not an available remedy. Chavez was not denied any of the rights and privileges conferred by FOIA when the responding public official denied Chavez's request for the release of certain police investigative reports, as the records sought were not subject to disclosure under express exemptions within FOIA. See, *supra*. Additionally, other remedies are provided by law for the seeking of these materials.

For these reasons, the Petitioner's Request for a Writ of Mandamus is denied.