## CIRCUIT COURT OF FAIRFAX COUNTY

George H. Rucker Realty Corp.

v.

Board of Zoning Appeals
of the Town of Herndon

June 14, 1989

Case No. (Chancery) 108793

By JUDGE F. BRUCE BACH

This matter is before the Court on petitioner's Memorandum of Law, the opposition thereto and petitioner's reply. Oral argument was heard on May 18, 1989.

The parties have agreed that this appeal is to be heard on the Board of Zoning Appeals record pursuant to Section 15.1-497 of the Code of Virginia. Petitioner, George H. Rucker Realty Corporation ("Rucker") is the owner of 0.62 acres of real property located in the Town of Herndon, Virginia. Respondent, The Town of Herndon Board of Zoning Appeals ("BZA") is empowered under the Code of Virginia and the zoning ordinance of the Town of Herndon, Virginia, to hear and decide appeals from any interpretation of the zoning ordinance made by the Zoning Administrator of the Town of Herndon.

The subject property is zoned in the RM-2 multiple family residential district. On June 24, 1987, Rucker requested an interpretation from the town Zoning Administrator, then David P. Larsen ("Larsen"), regarding whether Jefferson Square, which Rucker proposed to construct on the subject property, would be considered "duplexes."

On July 16, 1987, Larsen determined that Jefferson Square constituted "five two-family dwellings." ("Larsen Interpretation"). Rucker proceeded to seek site plan

approval for the subject property. On July 28, 1988, Norman Hammer, as Counsel for owners of certain real property located near the subject property, requested an interpretation from Robert Stalzer, the town's new Zoning Administrator ("Stalzer").

On July 29, 1988, Stalzer issued a determination ("Stalzer Interpretation") stating that Jefferson Square constituted a "multiple-family dwelling" rather than "five two-family dwellings." Under the Stalzer Interpretation, the Jefferson Square site plan did not meet the required setbacks, thus preventing the proposed development from being approved.

On August 2, 1988, Rucker appealed the Stalzer Interpretation to the BZA. On August 25, 1988, a public hearing was held by the BZA. On September 22, 1988, a divided BZA rendered its decision upholding the Stalzer Interpretation. The BZA ruled that it did not have authority to rule or decide on the extent of the Zoning Administrator's authority in this particular case and ruled that the Stalzer interpretation of the Jefferson Square site plan was correct.

The 1950 Code of Virginia, § 15.1-496.1, as amended, provides in pertinent part that:

> An appeal to the Board may be taken by any person aggrieved or by an officer, department, board or bureau of the county or municipality affected by any decision of the zoning administrator or from any order, requirement, decision or determination made by any other administrative officer in the administration and enforcement of this article or any ordinance adopted pursuant thereto. Such appeal should be taken within thirty days after the decision appealed from by filing with the zoning administrator and with the board a notice of appeal specifying the grounds thereof.

The language of Virginia Code § 15.1-496.1 clearly contemplates that a municipality such as the Town of Herndon must appeal a decision by the Zoning Administrator by which they are aggrieved. The language of this section also contemplates that a failure to file an appeal within

the requisite thirty days results in the Zoning Administrator's decision becoming final and binding. A conclusion to the contrary would clearly circumvent the legislature's intention that such decisions provide finality to the zoning process.

The purpose underlying Virginia Code § 15.1-496.1 is to provide a mechanism through which an individual may rely on the zoning administrator's decision if an appeal is not taken within thirty days of that decision, Petitioner and respondent agree that a requirement that every decision of the zoning administrator must be appealed if there is any ground for contention or error would paralyze the development process and add substantial administrative and legal costs to a system already overburdened by its volume. The statutory language of § 15.1-496.1 provides the method through which parties are relieved from appealing to the BZA every decision that a Zoning Administrator makes.

The language of Virginia Code § 15.1-496.1 provides for a final interpretation by the zoning administrator which may be relied upon by the party to whom that decision is rendered. A decision of the zoning administrator which becomes final absent an appeal within the thirty-day period should allow a builder, contractor, and/or individual the right to rely on this decision and permit a party to proceed with the proposed project. A conclusion to the contrary would have far reaching consequences on the economic and financial stability of the construction and development industries. The Court concludes that the failure of the Town of Herndon to appeal the Larsen interpretation within the thirty days required under Virginia Code Section 15.1-496.1 resulted in the Larsen interpretation becoming a final and binding decision on the Town of Herndon.

Assuming, *arguendo*, that the Town was not bound by the Larsen interpretation, the Court will now address whether the BZA made a proper determination on the merits of the case in adopting the Stalzer interpretation that the proposed development constituted multi-family dwellings.

Section 28-2 of the Town of Herndon's zoning ordinance provides the definitions for the type of structures that are at issue in this proceeding. Respondent asserts that the definition of a "dwelling unit" is what permits more than one dwelling to be included in a single building. Res-

pondent concludes that if all the units are connected with party walls and share a common roof structure, then they are a single building or structure under the zoning ordinance definitions. Respondent asserts that petitioner's proposed development constitutes a single building which contains both vertical and horizontal party walls. Respondent concludes that it is a single structure, containing ten dwelling units. Petitioner asserts that the structure consists of five "two-family dwellings."

The Town of Herndon Zoning Ordinances defines a two-family dwelling as "A building designed for or occupied exclusively by two families living independently of each other." The Town of Herndon zoning ordinance defines a building as "any structure having a roof supported by columns or walls for the housing or enclosure of persons or property of any kind." Respondent would have the Court conclude that the proposed development is actually a single building, similar to a typical apartment building. Respondent asserts that the existence of horizontal party walls between the structures would require the Court to conclude that there are ten dwelling units, and therefore, that the proposed building constitutes a "multi-family dwelling."

The Court's interpretation of the definition for "building" as set forth in the zoning ordinance does not render itself to the Respondent's position that the connection of these units with horizontal party walls and the existence of a common roof structure, would require the Court to conclude that the proposed structure constitutes a "multi-family dwelling." The Court concludes that the proposed project consists of five structures each with their own roof and walls to support it. The existence of a "horizontal party wall" within each of these five units requires that each unit be designated a two-family dwelling. The Court concludes that the proposed development constitutes five two-family dwellings under the definitions set forth in the zoning ordinance.

The decision by the Board of Zoning Appeals of the Town of Herndon, Virginia, rendered on September 22, 1988, in BZA case number 88-11, was erroneous.