## CIRCUIT COURT OF FAIRFAX COUNTY

Jane W. Gwinn

v.

Orville V. Collier

Case No. (Chancery) 120132

BY JUDGE RICHARD J. JAMBORSKY

October 23, 1991

This matter is before the Court on complainant's Motion for Partial Summary Judgment and respondent's Cross Motion for Summary Judgment. For the following reasons, the respondent's Motion for Summary Judgment is granted. The complainant's Motion for Partial Summary Judgment is denied.

The complainant, Jane W. Gwinn, in her capacity as a Fairfax County Zoning Administrator, claims in the pleadings that the Non-Residential Use Permit (Non-RUP), dated April 30, 1981, allowing the use of the property as a Vehicle Major Service Establishment, Nonconforming Use, had been issued in error. This caused the respondent, Orville W. Collier, to be in violation of Fairfax County Zoning Ordinance § 2–302(5) by the use of his property as a Vehicle Major Service Establishment, Nonconforming Use. Additionally, the complainant claims that the parking of thirty-four vehicles on the property is a violation of Fairfax County Zoning Ordinance § 2–508.

The complainant asks the Court to issue a prohibitory injunction permanently enjoining the respondent from using the subject property as a Vehicle Major Service Establishment.

The respondent asserts in his response that his use of the property is legal and proper as a pre-existing nonconforming use and has filed

a Cross-Motion for Summary Judgment, asking the Court to enter a decree declaring that his use of the subject property as a Vehicle Major Service Establishment is a lawful, nonconforming use.

The April 30, 1981, Non-RUP permit issued to Collier constituted a decision by the Zoning Administrator. In *Lanner v. Board of Appeal of Tewksbury*, 348 Mass. 220 (1964), the Court held that the issuance of a permit requires that a decision be made by the permitting administrator. Thus, the issuance of the permit was a decision under the zoning statute.

In the present case, the Zoning Administrator issued the Non-RUP on April 30, 1981. The issuance to Collier of a Non-RUP for a nonconforming use constituted a decision by the zoning administrator.

The complainant had thirty days to appeal the April 30, 1981, decision to the Board of Zoning Appeals. Virginia Code § 15.1–496.1 and Fairfax County Zoning Ordinance Sections 18–301 and 18–303 provide *inter alia*:

> [a]n appeal to the board may be taken by any person aggrieved or by any officer, department, board or bureau of the county or municipality affected by any decision of the zoning administrator or from any order, requirement, decision or determination made by any administrative officer in the administration or enforcement of this article or any ordinance adapted pursuant thereto. Such appeal shall be taken within thirty days after the decision . . . .

The Supreme Court of Virginia has ruled that the failure to make such an appeal renders the unappealed decision a "thing certain and not subject to attack." *Gwinn v. Alward*, 235 Va. 616, 621 (1988).

As discussed above, on April 30, 1981, the Zoning Administrator issued to Collier a Non-RUP which denominated Collier's use of the property as a Nonconforming Use. No appeal was taken "by any person aggrieved or by any officer, department, board or bureau affected by the decision" within the appeal period under § 15.1–496.1. Collier's use of the property as a Vehicle Major Service Establishment is a legal nonconforming use by the lack of an appeal within the appealable period.

The requirements and policy of Va. Code § 15.1–496.1 has previously been addressed in Fairfax County in *George Rucker Realty Corp. v. Board of Zoning Appeals of the Town of Herndon*, 16 Va.

Cir. 191 (1989). Judge Bach of the Circuit Court of Fairfax found that:

The language of Virginia Code § 15.1–496.1 clearly contemplates that a municipality . . . must appeal a decision by the Zoning Administrator by which they are aggrieved. The language of this section also contemplates that a failure to file an appeal within the requisite thirty days results in the Zoning Administrator's decision becoming final and binding. A conclusion to the contrary would clearly circumvent the legislature's intention that such decisions provide finality to the zoning process.

Because no appeals were taken by any person or entity pursuant to Va. Code § 15.1–496.1, the Zoning Administrator's April 30, 1981, decision became final and not subject to appeal effective May 30, 1981.

The complainant's Partial Motion for Summary Judgment is based on the theory that the April 30, 1981, Non-RUP was issued in error and thus, is void *ab initio*. This claim is based on Fairfax County Zoning Ordinance 18–111 (currently 18–114) which states:

No officer, board, agency or employee of the County shall issue, grant or approve any permit, license, certificate or other authorization for the erection of any building or for any use of land or building that would not be in full compliance with the provisions of this Ordinance. Any such permit, license, certificate or other authorization issued, granted or approved in violation of any of the provisions of this Ordinance shall be null and void and of no effect without the necessity of any proceedings for revocation or nullification thereof . . . .

This proposition must fail because it involves a question of fact, making Summary Judgment inappropriate. In the pleadings, the complainant has claimed that the April 30, 1981, Non-RUP was issued in error because the vehicle repair business was never a legally permitted use of the property. The respondent asserts that the use of his property is a legal and proper pre-existing nonconforming use. Thus, this is a question of fact, precluding this Court from granting partial Summary Judgment to the complainant.

This Court further believes that an administrator's ability to unilaterally void past zoning decisions under Section 18–114 would

create an intolerable situation for property owners. No person affected by a decision of a zoning administrator could unreservedly rely on that decision without seeking a decision from the Board of Zoning Appeals to assure that their rights under the ordinance were protected. The potential impact upon the property owners of this County would be intolerable if the Zoning Administrator were permitted to make such reversals. Barring fraud or bad faith on the part of the permittee, those affected by zoning administrator's decisions should be able to properly rely on these decisions.

Additionally, Fairfax County Zoning Ordinance Section 18–114 conflicts with Virginia Code § 15.1–496.1 by not allowing for any proceeding for revocation or nullification of the permit. Virginia Code § 15.1–496.1 reads, "[a]n appeal to the board may be taken by any person aggrieved . . . by any decision of the zoning administrator . . . within thirty days of the decision . . . ." Virginia Code Section 1–13.17 provides that no ordinance may be inconsistent with state law. Thus, state law prevails here in requiring the filing of an appeal within thirty days in order to contest the granting of the permit.

The Zoning Administrator does have the authority to conclude that the respondent's use of the land violates the original grant of Major Vehicle Servicing Establishment, Nonconforming Use. Lawful nonconforming uses "may be continued only so long as the then existing or a more restricted use continues . . . ." Va. Code § 15.1–492. Additionally, Fairfax County Zoning Ordinance § 15–103(1) states that "[a]ny nonconforming use . . . may be continued but shall not be enlarged or extended, nor shall any structural alteration be made in any building in which such use is conducted.

If the Zoning Administrator concludes that the respondent's use of the property has changed or expanded, the Administrator would notify the respondent of the decision, and the respondent could appeal that decision to the Board of Zoning Appeal within thirty days as allowed by Virginia Code § 15.1–496.1.

For these reasons, the Court finds that the Zoning Administrator has ruled that Collier's use of the property as a Vehicle Major Service Establishment is a pre-existing, lawful, nonconforming use. Since the decision was not appealed, the Zoning Administrator's decision establishes the use of the property to be a pre-existing, lawful, nonconforming use. Therefore, the respondent's Motion for Summary Judgment is granted. The complainant's Motion for Partial Summary Judgment is denied.

May 18, 1992

This matter came before the Court on Plaintiff's Motion to Reconsider the Court's letter opinion of October 23, 1991. The motion is denied based on the reasons set forth below.

The Plaintiff contends that the Court should reconsider its opinion based on the Plaintiff's contention that the Zoning Administrator is not estopped from correcting its issuance of a non-residential use permit (Non-RUP) though it failed to appeal the issuance under § 15.1–496.1 of the Code of Virginia, as amended.

The Zoning Administrator was not estopped from correcting its decision through the appeal process before the thirty-day limitation period had run. However, a proper appeal was not brought. Therefore, the 1981 decision to allow the nonconforming use became final. In interpreting the statute in a way as to give effect to the intention of the legislature, no other reading than that the County was bound by the thirty day appeal period can be made. *See Andrews v. Shepard,* 201 Va. 412 (1959). The case relied on by Plaintiff, *Segaloff v. City of Newport News,* 209 Va. 259 (1968), was decided before the passage of the applicable statute. In addition, the cases relied on by Plaintiff involve the issuance of building permits, not a use permit as is at issue in the present case.

Plaintiff also argues that the Defendant appeared to argue that he had a vested interest in the Non-RUP. *See* § 15.1–492 of the Virginia Code, as amended. The Defendant did not quite make this argument. He merely argues that the use of the property as a pre-existing nonconforming use is a "thing certain and not subject to attack" because the decision was not appealed. *Gwinn v. Alward,* 235 Va. 616, 621 (1988). Though, as Plaintiff correctly noted, that case involved the failure of a landowner of appeal a notice of a zoning violation, § 15.1–569.1 sets forth the same requirement of appeal for the County.

The Plaintiff is not without a remedy if the Defendant is in violation of the terms of the permit. As stated in my previous letter, the Zoning Administrator does have the authority to conclude that the Respondent's use of the land violates the original grant of the Non-RUP. Va. Code §§ 15.1–492 and 15.1–496.1.

Plaintiff argues that the decision to allow the nonconforming use was not appealable by the County in 1981 because the relevant statute only allowed for appeal of decisions of the Zoning Administrator

and the certificate was issued by a Zoning Inspector. A look at the certificate itself clearly shows that the certificate was granted by the Zoning Inspector as the agent of the Zoning Administrator as it bears the signature stamp of the Zoning Administrator and was merely created by the Zoning Inspector. Thus the version of the statute in effect at the time the 1981 permit was issued does apply.

Issue was taken with the Court's reference to a decision of Judge Bach. Though the decision of Judge Bach in *George Rucker Realty Corp. v. Board of Zoning Appeals of the Town of Herndon*, 16 Va. Cir. 191 (Fairfax 1989), is not controlling in this case, its logic is certainly persuasive. Even if the case had not been dismissed as moot on other grounds, Judge Bach's decision would not have been binding in this Court's decision but would have maintained its status as persuasive authority.

The Plaintiff voiced concern that the Zoning Administrator's hands would be tied from correcting a mistake for the landowner. Section 15.1–496.1 provides anyone aggrieved by a decision concerning zoning with an avenue of appeal, including both the Zoning Administrator and landowners. Thus, though the Zoning Administrator may not be able to correct a mistake beyond the appeal date that is to the detriment of landowners, landowners cannot be heard to complain if they have slept on their rights and have not sought an appeal within the thirty days. Though it is generous of the Zoning Administrator to want to correct erroneous decisions beyond the appeal date, as with any other kind of statute of limitations, once the date for bringing an action has passed, without a waiver by the non-moving party, the action does not survive.

Plaintiff, through her own pleadings and exhibits has established that the nonconforming use has been continuous. Defendant raised the affirmative defense that the use has been continuous. Plaintiff requests that summary judgment not be granted in favor of the Defendant because she argues, assuming *arguendo* that the use was continuous and that the zoning Administrator cannot challenge the Non-RUP, the Defendant should be limited to a nonconforming use of 120 square feet. This kind of relief was not requested in Plaintiff's Bill of Complaint and raises a different cause of action.

Plaintiff argues that because the granting of the Non-RUP was erroneous, it is void *ab initio*. Whether or not the 1981 Non-RUP was issued in error because the vehicle repair business was allegedly

never legally permitted on the property, a reading of § 18-114 of the Fairfax County Zoning Ordinance in conjunction with § 15.1–496.1 results in the inevitable conclusion that the Board of Zoning Appeals had authority under the Fairfax ordinance to declare that the issuance of the permit was void *ab initio* if an appeal had been timely brought and if the permit was, in fact, erroneously granted.

Plaintiff asserts that because the storage yard was allegedly not addressed by the parties in their motions that the Court should reconsider its grant of Summary Judgment on this issue. However, Fairfax County Zoning Ordinance § 2–508 (Plaintiff's Exhibit D) states that junk vehicles may be stored at vehicle major service establishments, provided that such storage is in accordance with applicable provisions of the ordinance for such uses. This Plaintiff's assertion creates a circular argument and goes back to the question of whether Defendant has expanded his use beyond that which was granted in his permit, an issue not before this Court.

Therefore, the Court affirms its letter opinion of October 23, 1991.